## 12318

### STATE v. LACKEY

#### (140 S. E., 232)

FALSE PRETENSES—DEFENDANT CHARGED WITH DRAWING AND UTTERING CHECK WITHOUT SUFFICIENT DEPOSIT HELD ENTITLED TO TRIAL, THOUGH PAYING AMOUNT AND COSTS (ACT MARCH 1, 1923 [33 ST.

AT LARGE, P. 120]; CR. CODE, 1922, § 60).—Act March 1, 1923 (33 St. at Large, p. 120) not directing, as does Cr. Code, 1922, § 60, which it supersedes, that prosecution for drawing and uttering a check without having sufficient deposit to meet it, shall be discontinued on payment of amount of check and costs, the prosecution still had the right to proceed with the trial of the case, notwithstanding such payment, and so defendant had right to insist on a trial.

Before RICE, J., Sumter, October, 1926. Affirmed.

George H. Lackey was charged with drawing and uttering checks without sufficient deposit, and from order of Judge Rice of the Circuit Court reversing order of the magistrate refusing defendant's demand for a trial, the State appeals.

The order of the magistrate, the order of Judge Rice, and the exceptions are as follows:

### ORDER OF MAGISTRATE

"The defendant above named appeared before me on the 11th day of May, 1926, demanding trial in two cases growing out of two warrants issued by me on the affidavit of H. P. Love, on the 4th day of January, 1926, charging that on October 21, 1925, and on October 22, 1925, the defendant drew and uttered his two checks on the Bank of Paxville, Paxville, S. C., respectively for $12.39 and $1.76, and that the said George H. Lackey had not sufficient funds in the bank to meet or cause payment on said checks when presented, and the defendant failed to pay the amount of the same within seven days after written notice of failure of the said bank to make payment.

"The prosecuting witness, by his attorneys, Epps & Levy, was present, and objected to the trial of the cases upon the following grounds:

"(1) That the Court was without jurisdiction to hear the said cases, because the fine and costs had been paid and the cases dismissed.

"(2) That the Court was without jurisdiction to hear the said cases on the further ground that the magistrate's criminal docket shows that the case was disposed of by payment of the face of the checks and costs on the 9th day of April, 1926, and that the time for making a motion for a new trial to reopen the case or to appeal has elapsed.

"(3) That the magistrate's docket further discloses that the cases were finally disposed of by the payment of $14.15 and $2.60 costs; that no bond was given, and the cases finally determined.

"The affidavits of Shepard K. Nash, Esquire, George D. Levy, Esquire, and George H. Lackey, were submitted and filed as a part of the record and are attached to this order.

"The facts in the case are in substance as follows: The defendant, Lackey, was lodged in jail on the two warrants above referred to. That subsequent thereto, the defendant, Lackey, made inquiry if I would discontinue the cases and set him at liberty if he would pay the face of the checks and the costs, and I instructed Jailer Owens to accept such payment and let him go. Thereafter, on or about the 9th day of April, 1926, the said defendant paid the said sums of money to the jailer, in accordance with said agreement, and later in confirmation thereof, came to my office and demanded the original checks, which were immediately delivered to him. I understood that the cases were ended in accordance with the agreement.

"After arguments by attorneys representing the said George H. Lackey and the prosecuting witness, H. P. Love, I have concluded that the cases have been settled and finally determined, and that I am without jurisdiction to reopen the charges against the said defendant, and if I have the power, then, in my discretion, I refuse the same, as the cases are already disposed of in accordance with his previous request, and there is no one representing the state demanding the same.

"It is therefore ordered that the demand of the defendant for a reconsideration of the cases be and the same is hereby refused."

### ORDER OF JUDGE RICE

"This matter comes before me on appeal from an order made by Magistrate M. J. Moore. The defendant was arrested on two warrants charged with issuing two checks on the Bank of Paxville, Paxville, S. C., to Efird's Store (both checks being less than $20), and obtaining value therefor, without funds on hand at the time of the issuance thereof with which to pay said checks.

"I find that the defendant has not pleaded guilty, nor has he been tried on said charges. The defendant, when placed in jail, paid over to the jailer the sum of $16.75, in order to obtain his release, and he shows by his affidavit that he did not thereby intend to enter a plea of guilty, nor did he intend that the cases were thereby settled.

"The magistrate's order, refusing the demand of the defendant for a trial on said charges, must be reversed, as the Constitution guarantees every man charged with crime the right to a trial.

"It is therefore ordered that the appeal herein be and the same hereby is sustained, and the order of M. J. Moore, magistrate, be and the same hereby is reversed, and these cases remanded to the Court of Magistrate M. J. Moore, for trial."

### EXCEPTIONS

"(1) The record in the case shows that the cases were settled at the instance and request of the defendant upon his paying the amount of the face of the checks and the costs, and after this was done the defendant had no right to demand trial, and the trial Judge erred in remanding the case to the magistrate for trial.

"(2) The Constitution does not guarantee the right to a trial to a defendant who has settled the charges against him, and his Honor erred, it is respectfully submitted, in ordering a trial after settlement of the charges.

"(3) His Honor erred in sustaining the appeal and ordering a trial, because the return of the magistrate showed that the case had been duly ended by the paying on the part of the defendant of the amounts of the checks, which was the basis of the prosecution, and in addition thereto, the costs.

"(4) His Honor erred in not holding and finding that the magistrate was without jurisdiction to reopen the case and have a trial after the cases had been definitely disposed of, and the time for appealing or for making any motion in said cause had elapsed."

*Messrs. Epps & Levy* and *Solicitor F. A. McLeod,* for appellant.

*Messrs. Harby, Nash & Hodges,* and *Dinkins & Stukes,* for respondent, cite: *Findings of fact in a case at law not reviewable:* 73 S. C., 282; 91 S. C., 5.

November 15, 1927.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an appeal from an order of Judge H. F. Rice reversing an order of M. J. Moore, magistrate of Sumter County, in which order the magistrate refused the demand of the defendant, George H. Lackey, for a trial on the charge of drawing and uttering two checks on the Bank of Paxville, Paxville, S. C., without sufficient funds to meet payment.

The agreed statement of facts contained in the transcript of record is as follows:

"The defendant, George H. Lackey, was lodged in jail in Sumter, on two warrants issued by Magistrate M. J. Moore, on the affidavit of H. P. Love, on the 4th day of January, 1926, charging that on October 21, 1925, and on October

22, 1925, the defendant drew and uttered his two checks on the Bank of Paxville, Paxville, S. C., respectively, for $12.39, and for $1.76, and that the said defendant had not sufficient funds to meet or cause payment on said checks when presented, and the defendant failed to pay the amount of the same within seven days after written notice of failure of the said bank to make payment. That the defendant, Lackey, was arrested and lodged in jail on the two warrants referred to, and subsequent thereto, the defendant, Lackey, while in jail, it is contended by the state, inquired of the magistrate if he would discontinue the case and set him at liberty if the defendant, Lackey, would pay the face of the checks and costs. On the same date that he was incarcerated, the defendant, Lackey, paid over to the jailer, Owens, of Sumter, the face of the checks, plus the costs incurred, the defendant, Lackey, contending that such payment by him was in lieu of bond and not in settlement of the criminal charges against him.

"That on the 11th day of May, 1926, the defendant demanded trial of the two cases, and the magistrate stated that while he was of the opinion that the cases had been dismissed, that he would hear arguments. After arguments, the magistrate concluded that the cases had been settled and finally determined; that he was entirely without jurisdiction to reopen the charges against the defendant, and, further, that if he had the power, then in his discretion, he refused the same, as the cases had been disposed of in accordance with the previous request and agreement of the defendant, and that there was no one representing the state demanding trial. The demand for consideration of the cases was accordingly refused, and the magistrate issued his order May 17, 1926, refusing the same, from which the defendant appealed to the Circuit Court."

The transcript of record also contains several affidavits, including an affidavit by the defendant, George H. Lackey,

as to the facts in the case, and which affidavits were before the magistrate when the hearing was had before him.

His Honor, Judge Rice, before whom the appeal was heard, reversed the order of the magistrate, and remanded the case to the Court of Magistrate M. J. Moore for trial. From this order of Judge Rice, the state has appealed to this Court, asking a reversal of the order of Judge Rice upon the grounds stated in the exceptions, which, together with the order of the magistrate and the order of Judge Rice, will be reported.

Since, under the view we take of the case, the defendant is entitled to a trial on the charges alleged in the warrants under which he was arrested, we deem it proper not to enter into a discussion of the facts in the case. For the reasons assigned by his Honor, Judge H. F. Rice, it is the order of this Court that the order of Judge Rice is hereby affirmed and made the judgment of this Court, and the case remanded for trial in the magistrate's Court, as directed by Judge Rice.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Stabler concur.

Mr. Justice Cothran: I concur in the opinion affirming the order of Judge Rice, upon the following grounds:

The Act of 1923 (33 Stat., 120) is quite different from Section 60 of the Criminal Code, which it supersedes. Under Section 60 the prosecution is directed to be discontinued upon the payment of the amount of the check with all costs; there is no such provision in the Act of 1923. Assuming that the defendant paid the amount of the two checks and all costs in attempted settlement of the charges against him, he did no more than he was legally obligated to do, which did not have the effect of discontinuing the prosecution. The prosecutor still had the right to proceed with the trial of the case, and, if so, the defendant had the right to insist upon a trial.

Messrs. Justices Blease and Stabler concur.