**Joyce JAMES, Plaintiff,**

v.

**FAST FARE, INC., Defendant.**

**No. C/A 87–3222–17.**

United States District Court, D. South Carolina, Spartanburg Division.

May 25, 1988.

Albert V. Smith, Robert M. Holland, Turnipseed, Holland & Smith, Spartanburg, S.C., for plaintiff.

Moffatt G. McDonald, John B. McLeod, Haynsworth, Marion, McKay & Guerard, Greenville, S.C., for defendant.

## ORDER

JOE F. ANDERSON, JR., District Judge.

This matter is before the court on the motion of defendant Fast Fare for summary judgment as to all counts pursuant to *Fed.R.Civ.P.* 56. The motion is hereby granted.

Summary judgment is appropriate if the moving party is entitled to judgment as a matter of law and there are no genuine issues of material fact. *Fed.R.Civ.P.* 56(c). The party against whom summary judgment is sought "must set forth specific facts showing there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e). Fast Fare is entitled to judgment based on the relevant facts and applicable law.

Mrs. James brought this suit against Fast Fare alleging false arrest and malicious prosecution stemming from her arrest on January 24, 1987, which had been instigated by Fast Fare. Taken in the light most favorable to Mrs. James, the facts indicate that in early December 1985, Mrs. James wrote a series of checks to Fast Fare. These checks were subsequently dishonored upon presentment at Fast Fare's bank. Mrs. James admits that when she wrote the checks she knew she did not have sufficient funds. Deposition of Joyce James, dated February 22, 1988, at 21, line 24.

On January 4, 1987 Fast Fare issued a returned check notice requesting that Mrs. James pay the checks and a service charge (totaling $560.00) within fifteen (15) days, pursuant to *S.C.Code Ann.* § 34–11–70. Mrs. James testified her husband attempted to pay the amount within the time period, to no avail. James' Depo. at 23. Fast Fare signed warrants for Mrs. James' arrest on bad check charges before the fifteen (15) day period expired. Mrs. James was arrested by Spartanburg County Police officers at her home after this fifteen (15) day period had elapsed. Fast Fare did not proceed against Mrs. James and the charges were ultimately dropped. Mrs. James made full restitution of the amount owed to Fast Fare.

## FALSE IMPRISONMENT

 Fast Fare is entitled to judgment on Mrs. James' claim that she was falsely arrested. It is undisputed Mrs. James was arrested by law enforcement personnel pursuant to a facially valid warrant. James' Depo. at 24–25. The warrants issued by Magistrate Anderson supported Mrs. James' arrest. *See* Defendant's Ex. A to Memorandum in Support of Motion. In such a situation, South Carolina law is clear there can be no cause of action of false imprisonment asserted against the party causing the arrest, because the arrest has been made pursuant to lawful

authority. *Watkins v. Mobil Oil Corp.*, 281 S.C. 79, 313 S.E.2d 641 (App.1984).

Mrs. James argues that the warrants were defective because they were issued before the expiration of the fifteen (15) day period as outlined in § 34–11–70. She therefore claims her arrest was not pursuant to lawful authority. Mrs. James' reliance on § 34–11–70 is misplaced.

If a merchant receives a bad check, he may send a notice to the maker of the check requesting payment within fifteen (15) days. *S.C.Code Ann.* § 34–11–70. The section further provides a merchant a safe harbor, by which probable cause is presumed if the check is not paid within fifteen (15) days of the notice, similar to the type given to Mrs. James. *Id.* The merchant may then safely institute criminal proceedings against the maker. The provision does not create a cause of action in favor of a maker of a fraudulent check, but protects merchants who follow its procedure.

In fact, in South Carolina payment within the grace period does not prevent a prosecution for issuing a fraudulent check. *State v. Lackey*, 142 S.C. 62, 140 S.E. 232 (1927), *see also* S.C.Atty.Gen.Op. No. 3108 (1971) (payment of check either before or after issuance of warrant does not bar prosecution); S.C.Atty.Gen.Op. No. 83–57 (1983) (reaffirming 1970 opinion that payment either before or after issuance of warrant does not bar prosecution). Thus, even if Mr. James was prevented from making restitution, the arrest was proper.

## MALICIOUS PROSECUTION

■ Fast Fare is also entitled to judgment based on the law of malicious prosecution. Mrs. James was arrested for issuing a bad check as prohibited by *S.C.Code Ann.* § 34–11–60, which provides, in relevant part, as follows:

It shall be unlawful for any person, with intent to defraud, in his own name or in any other capacity, to draw, make, utter, issue or deliver to another, any check, draft or written order on any bank or depository for the payment of money or its equivalent, whether given to obtain money, services, credit or property of any kind or nature whatever, or anything of value, when at the time of drawing, making, uttering, issuing or delivering such check or draft or other written order the maker or drawer thereof does not have an account in such bank or depository or does not have sufficient funds on deposit with such bank or depository to pay the same on presentation....

*Id.*

Once again, Mrs. James relies upon § 34–11–70 to support her malicious prosecution claim. While there is no dispute Fast Fare did not wait fifteen (15) days to begin its prosecution of Mrs. James, Fast Fare's lack of protection under § 34–11–70 does not advance Mrs. James' suit. Mrs. James must still make out the elements of malicious prosecution.

Mrs. James has failed to produce sufficient evidence to raise an issue of fact as to each element of her claim. To prove malicious prosecution Mrs. James must establish four elements:

1. A criminal proceeding instituted or continued by the defendant against the plaintiff;

2. Termination of the proceeding in favor of the accused;

3. Absence of probable cause;

4. Malice, or a primary purpose other than that of bringing an offender to justice.

W.L. Prosser, *The Law of Torts* § 119 (5th Ed.1984) at 871.

Mrs. James has arguably shown the first two of these elements. But Mrs. James' allegation of malice prosecution must fail because she admits guilt of the very charge of which she complains. Although there is no South Carolina authority on point, it is hornbook law that a plaintiff may not bring a malicious prosecution action having been charged of a crime for which she was actually guilty. Guilt of the crime is a "complete defense against liability for malicious prosecution." Restatement (Second) of Torts § 657; *see also* Prosser at 885. This defense can be favorably compared with that of a truth defense in the face of a libel

action. Prosser at 885. Thus, despite the fact Fast Fare did not know Mrs. James was guilty at the time it swore out the arrest warrants, the fact that she has admitted guilt shields Fast Fare from liability. *Id.* *See also Deaton v. Leath,* 279 S.C. 82, 302 S.E.2d 335 (1983) (in an analogous situation, guilt established probable cause as a matter of law).

Therefore, Mrs. James has not raised an issue of fact with respect to elements three and four, probable cause and malice. The fact that she was guilty of the crime for which she was arrested shields Fast Fare from liability and shows the store acted with probable cause and without malice when it sought prosecution. Summary judgment is therefore appropriate as to the malicious prosecution cause of action.

## CONCLUSION

Fast Fare's motion for summary judgment is hereby granted in full and this matter is hereby dismissed with prejudice.

IT IS SO ORDERED.