## WILLIAM REED *vs.* JOHN B. CROSS *et al.*

Where a bill in equity against three defendants, alleges, that two of them are indebted to the plaintiff, and had contracted in writing, to convey certain land to him, and that they had, for the purpose of defrauding the plaintiff, conveyed the land and their other property to the other defendant, who had full knowledge of all the facts; he cannot refuse to make a full answer to the bill, because the plaintiff has not previously established his claim against the other two by a judgment at law.

THIS was a bill in equity, against *Cross, Wyer,* and *Noble,* alleging, among other things, that *Cross* and *Wyer* were indebted to the plaintiff, and had agreed to convey to him a certain tract of land, described in the bill, in part payment, and that *Cross* and *Wyer* had conveyed their property, including this land, to *Noble* for the purpose of defrauding the plaintiff; and seeking a discovery, as well as alleging a fraudulent combination of the three defendants, and asking for a conveyance of the land from *Noble.* To this bill the defendant, *Noble,* demurred for want of equity, and specially, and also made an answer denying the fraud and combination. To this answer the plaintiff filed exceptions. The facts sufficiently appear in the opinion of the Court.

*Daveis,* for *Noble,* contended, that before *Noble* could be called on to enter into a controversy about property of *Cross* and *Wyer,* that the plaintiff should have first obtained a judgment at law against them, and have exhausted his remedy at law. A judgment creditor only can resort to a court of equity to obtain property of his debtor from the hands of a trustee. *McDermutt* v. *Strong,* 4 *Johns. Ch. R.* 687. The proper mode of taking advantage of this deficiency in the plaintiff's case on the face of the bill is by demurrer, and a short answer denying the fraud and combination. 2 *Mad. Ch.* 342; *ibid.* 285; 16 *Vesey,* 75.

*Preble,* for the plaintiff, remarked, that the bill alleged, that *Cross* and *Wyer* had agreed to convey the land to the plaintiff, and that *Noble* knew it, and with that knowledge, took the conveyance of that and other property for the purpose of defrauding the plaintiff. He argued, that the cases cited, did not apply to cases of fraud, like the present; and that the plaintiff, being a prior creditor, had a right to treat the transaction, as fraudulent, if it was merely without consideration; and in either case was entitled to a full answer.

After a continuance, for advisement, the opinion of the Court was drawn up by

EMERY J. — In this case, *Noble*, one of the defendants, appears, and with protestation, not confessing any of the matters alleged in the bill, demurs to it, because there is no equity, and because it is exhibited against *John B. Cross* and *Eleazer Wyer*, as well as the defendant, for several and distinct matters, which have no relation to or dependence upon each other, and wherein it appears, the defendant is not in any manner interested, but are multifarious and tend to prolixity and expense; and because the object is to recover money due from *Cross*, as principal, and *Wyer*, as surety, for non-performance of the condition of the bond, set forth, as damages on account of the alleged fraudulent transfer of estate by *Cross* and *Wyer*, to *Noble*, and for conveyance of estate in *Dorchester*; and the complainant has adequate remedy at law against *Cross* and *Wyer*, upon the obligation against *Cross* and *Wyer*, and as there is no privity or contract in writing between the defendant and complainant set forth therein, whereby the complainant can claim specific performance in the conveyance of the *Dorchester* estate, and the complainant has not alleged, that he has commenced a suit at law on the bond, or recovered judgment and sued out execution, and has not entitled himself to proceed immediately against this defendant.

This special demurrer for want of equity, because several and distinct matters which have no relation to or dependence upon each other, and in which it is said the defendant is not interested, and for multifariousness, and that there is no contract in writing shewing privity between the plaintiff and defendant, whereby the plaintiff can claim specific performance, and that the plaintiff has not obtained judgment and execution, is intended to stop the plaintiff at the threshold in his appeal to the equitable jurisdiction of the Court.

In *Barton's* treatise of a suit in equity, page 107, it is said, "As it is imagined that a defendant would in no case endeavor to evade the plaintiff's bill by demurrer, when he could venture *bona fide* to deny the truth of its allegations upon oath, it has become an established rule of judgment in Courts of Equity, that every thing to which a demurrer extends is true. Hence arose the practice of introducing the demurrer by a protestation against the truth of any

of the facts alleged by the bill; but it has no weight with the Court, and is entirely useless." And at page 113, it is said, that "Courts of Equity are apt, and with reason, to look with a suspicious eye upon defendants, who, by availing themselves of every cause of demurrer, or plea, shew an unwillingness fairly to meet the plaintiff's case; it is seldom therefore advisable to have recourse to these modes of defence, unless to prevent the expense of an examination of witnesses, or to avoid a discovery, which might be detrimental to the defendant's just and rightful interests." And upon this principle of discountenancing these dilatory pleas, and encouraging an open and manly defence, have proceeded many of the cases to which Mr. *Barton*, as he says, had occasion to refer in his notes to his treatise, and he refers to 3 *Brow. Ch. ca.* 38.

In this case, the defendant, *Noble*, professes his readiness to make full answer, if thereto required by the Court. He has therefore a right to ask our judgment on his objection, because there are authorities countenancing an appeal to us for the reasons alleged as causes of demurrer.

But we apprehend that in order "to determine whether a suit is multifarious, or contains distinct matters, the inquiry is not whether each defendant is connected with every branch of the cause, but whether the plaintiff's bill seeks relief in respect of matters which are in their nature separate and distinct." *Story Eq. Plead.* 227, *note*.

We consider it as a rule to procure relief in equity by a bill brought to assist the execution of a judgment at law, that the creditor must show, that he has proceeded at law to the extent necessary to give him a complete title. And if aid be sought as to real estate, he must shew a judgment creating a lien upon that estate. But in those cases the plaintiff had acquired no lien or claim to the specific property. In this case, the contract gives the plaintiff a claim to have a conveyance of real estate, and the allegation of the bill is, that the defendant took the title with the knowledge and in fraud of the contract. The case does not fall within the principle of the class of cases requiring a creditor to obtain judgment and exhaust his remedy at law. Upon the present state of the case, on the demurrer, the defendant admits himself to have taken a conveyance of that estate with the fraudulent design of defrauding the

Reed *v.* Cross.

plaintiff of his right, and has taken all the property of *Cross* and *Wyer* with the same injurious design of defeating the plaintiff of his just claim. We are constrained to overrule the demurrer. *See* 4 *Johns. Ch. R.* 294, *Livingston* v. *Livingston*; 5 *Johns. Ch. R.* 186, *Higginbotham* v. *Burnet*; 9 *Wend.* 511, *Livingston* v. *Peru Iron Co.*; 3 *Vesey*, 253, *Brooke* v. *Hewitt.*

An exception also is taken to the defendant's answer, "because said *Noble* hath not set forth in his said answer according to the best and utmost of his knowledge, remembrance, information, and belief, whether any of the allegations in said complainant's bill are true, nor hath he in any way or manner answered the several interrogatories to him put in and by said bill." -

If a bill state a fact, which is not denied by the answer, and by the answer it appears that the defendant has the means of answering as to his belief, by making an inquiry as to that fact, he must answer as to the result of that inquiry; and his stating that he is unable to set forth, &c. is not sufficient. 2 *Y. & Coll.* 3. And if a defendant is interrogated in equity in aid of a suit at law, as to the consideration given for a bill of exchange, the defendant in equity is bound to state, not only the consideration, which he gave for the bill itself, but that which he knows another to have given, *Glengall* v. *Edwards*, 2 *Y. & Coll.* 125; *Story's Equity Pleadings*, 657,

The exceptions are sustained, and the defendant is directed to make full answer.