GEORGIA LOAN AND TRUST COMPANY *v.* JOHNSTON.

In the trial of an action for the alleged "malicious abuse of legal process," in suing out a distress warrant against the plaintiff and having the same levied upon his property, proof that the plaintiff in the distress-warrant proceeding obtained a judgment therein, in a court of competent jurisdiction, is, notwithstanding the reversal of such judgment by a higher court, and the subsequent dismissal of the distress warrant, conclusive evidence of probable

cause for the institution and prosecution of the suit complained of, unless it be shown that such judgment was procured by the use of fraudulent means.

Argued November 13,—Decided December 10, 1902.

Action for damages. Before Judge Reece. City court of Floyd county. April 1, 1902.

*Lipscomb & Willingham* and *W. J. Neel*, for plaintiff in error. *Fouché & Fouché*, contra.

FISH, J.   This was an action brought by Johnston against the Georgia Loan & Trust Company, for the recovery of damages alleged to have been sustained by him in consequence of the suing out by the defendant of a distress warrant against him and the levy of the same upon his property.   The petition alleged that " said warrant was issued and levied without probable cause, and the seizure of the plaintiff's property thereunder was a malicious abuse of legal process."   The suit was for both actual and vindictive damages.   In one paragraph of his petition the plaintiff also sued for the value of two bales of cotton, alleging that the defendant, " by threats and commands wrongfully made to W. F. Townsend, a cropper on the plaintiff's farm, procured said Townsend to remove from plaintiff's said farm, . . for the alleged purpose of paying rent to defendant, two bales of cotton of the value of one hundred dollars, and the said Townsend, acting under the orders and directions of the defendant, removed said cotton from the premises, and the same has been entirely lost to plaintiff, and the said Townsend has left the State of Georgia and is insolvent."   The petition alleged that the plaintiff in the present case " filed his defense to said distress warrant, and after two trials" in a designated justice's court, " and a review of the case by certiorari in the superior court of Floyd county, Georgia, said distress-warrant case was dismissed for want of prosecution."   The defendant admitted, " that a distress warrant was issued and levied as charged by the plaintiff in his declaration," but specifically denied "that said warrant was issued and levied without probable cause, or that the seizure of the plaintiff's property thereunder was a malicious abuse of legal process."   The defendant further pleaded that it was true the plaintiff had filed a defense to the distress warrant, and that the case was twice tried in the justice's court, first by the justice of the peace, who rendered a judgment against the counter-affidavit filed by Johnston, and,

second, by a jury to whom the same was appealed by Johnston, when judgment was again rendered in favor of the Georgia Loan & Trust Company; whereupon Johnston carried the case, by certiorari, to the superior court, and the certiorari was by the judge of said court sustained and a new trial granted; and that, in view of the judgment rendered in the superior court, the plaintiff in the distress-warrant proceeding "did not further prosecute said suit, although the action had been brought, and at all times maintained, in the utmost good faith" on its part. Upon the trial of the case under consideration, a verdict was rendered against the defendant therein for the sum of $240 as actual damages, and the sum of $260 for vindictive damages. The defendant moved for a new trial, upon the general and upon numerous special grounds, which motion being overruled, it excepted.

In the view which we take of the case as made by the record, it is unnecessary to notice any of the special grounds of the motion for a new trial. These special grounds relate to rulings and instructions connected with the claims for damages on account of the institution and prosecution of the distress-warrant proceeding, and the conclusion which we have reached is that the plaintiff was not entitled to recover any damages, either actual or vindictive, for a malicious prosecution of the distress-warrant suit. Our Civil Code provides: "A criminal prosecution, maliciously carried on, and without any probable cause, whereby damage ensues to the person prosecuted, gives him a cause of action." § 3843. It is perfectly clear from the reading of this section that, in order for a plaintiff to recover in a suit for malicious prosecution, it is absolutely necessary for him to show two things, the absence of either of which will be fatal to his case: he must show that the prosecution of which he complains was malicious, and must show also that it was without any probable cause. There can be no recovery, even though the prosecution was malicious, if there was probable cause for it; and if there was no probable cause, there can be no recovery if the prosecutor acted without malice. *Coleman* v. *Allen*, 79 *Ga.* 638; *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238; *Hartshorn* v. *Smith*, 104 *Ga.* 235. The same rule applies in actions for damages alleged to have been sustained in consequence of the malicious use of legal process in civil cases. *Sledge* v. *McLaren*, 29 *Ga.* 64; *Wilcox* v. *McKenzie*, 75 *Ga.* 73; *Porter* v. *Johnson*, 96 *Ga.* 145. According

to the established rule in cases of this character, the evidence in the case under consideration conclusively showed that there was probable cause for the suing out and prosecution of the distress warrant; for it appeared that the plaintiff in the distress-warrant case twice obtained a judgment therein, once before the justice of the peace, and again upon the verdict of a jury upon appeal in the justice's court. These facts were not disputed by the plaintiff, and were perfectly consistent with the allegations of his petition. The general rule is, that if there be a judgment of conviction in the criminal prosecution, or a judgment in favor of the plaintiff in the civil proceeding, in a court having jurisdiction of the parties and the subject-matter, such judgment, although subsequently reversed by an appellate tribunal, is conclusive evidence of probable cause for the prosecution or the civil proceeding complained of. Cases in which the judgment in the original action is obtained by fraud, perjury, or subornation are excepted from the operation of this general rule. There is no pretense in this case that the Georgia Loan & Trust Company was guilty of any fraud, or used any unfair means to obtain either of the judgments which were rendered in the justice's court.

This general rule was recognized and followed by this court in *Hartshorn* v. *Smith*, 104 *Ga.* 235, which was a suit for malicious prosecution of a criminal case. It was there held : " If . . the accused be convicted in the trial court, such conviction, if not procured by fraud, is conclusive of probable cause, although the same on writ of error may be set aside by the Supreme Court." In delivering the opinion of the court in that case, Mr. Justice Little, " in the language of the court in the case of Griffis *v.* Sellars, 2 Dev. & B. (N. C.) 492," said: " As evidence of probable cause, a conviction by verdict and judgment is as convincing, and therefore ought in law to be as high and conclusive, although vacated by appeal, as if it stood unreversed and in full force. It sanctions the prosecution in its origin and progress through that court, and is the highest evidence, namely a judicial sentence of record, that apparently the accused was guilty. It is true that the law, in its benignity, allows the convict to show, on appeal to another court, that he is really not guilty. But that does not show, nor can it be shown against the facts of the first verdict and judgment, that there was no just and probable cause of accusation." Ruffin, C. J.,

the same judge who delivered the strong and able opinion from which this language, and more, was taken and adopted by Mr. Justice Little, in a case subsequently decided by the Supreme Court of North Carolina, stated the general principle applicable to cases of this character as follows: "The principle is, that probable cause is judicially ascertained by the verdict of the jury and judgment of the court thereon, although, upon an appeal, a contrary verdict and judgment be given in a higher court." Griffis *v.* Sellars, 3 & 4 Dev. & B. Law, 177. As well said by Gibson, C. J., in Herman *v.* Brookerhoff, 8 Watts (Pa.), 242, "If, then, the plaintiff, in such an action is precluded from denying the existence of probable cause by a finding of the fact in a criminal case, a fortiori he ought to be precluded from denying the existence of a cause of action by a recovery in a civil one, to which, the parties being the same, the doctrine of estoppel is peculiarly applicable." In the North Carolina case last above cited the court, in effect, held that the judgment in the original action, no matter how obtained, being a judicial sentence, is conclusive evidence of probable cause. Substantially the same doctrine was held by the Supreme Court of Massachusetts in Whitley *v.* Peckham, 15 Mass. 243. In a later case the last-mentioned court held: "A verdict of guilty in a criminal prosecution, though obtained by false testimony, and afterwards set aside for newly discovered evidence, and a verdict of not guilty returned, is conclusive evidence of probable cause in a subsequent action for malicious prosecution." In the Pennsylvania case, quoted from above, it was held, that, "in a suit for a malicious prosecution, a judgment in the court below is complete evidence of probable cause."

In Burt *v.* Place, 4 Wend. 591, the decision rendered in Whitley *v.* Peckham was questioned, and the New York court held that the judgment relied upon by the defendant in the case with which it was dealing was not conclusive of probable cause; and the reason for so holding is stated by Marcy, J., as follows: "Though the plaintiff admits in his declaration that the suits instituted before the magistrate were decided against him, he sufficiently countervails the effect of that admission by alleging that the defendant, well knowing that he had no cause of action and that the plaintiff had a full defense, prevented the plaintiff from procuring the necessary evidence to make out that defense by causing him

to be detained a prisoner until the judgments were obtained; and by alleging that the imprisonment was for *the very purpose of preventing a defense* to the actions." In reference to this New York case, the Court of Appeals of Kentucky, in Spring *v.* Besore, 12 B. Mon. 551, 555, said: "The principle settled in the case last cited we understand to be, that such a judgment will not, in every possible state of case, be deemed to be conclusive of the question of probable cause; but that, like judgments in other cases, its effect may be destroyed by showing that it was procured by fraud, or other undue means.'' The Kentucky court then stated the true rule to be as follows: "The correct doctrine on the subject is, in our opinion, that the decree or judgment in favor of the plaintiff, although it be afterwards reversed, is, in cases where the parties have appeared and proof has been heard on both sides, conclusive evidence of probable cause, unless other matters be relied upon to impeach the judgment or decree, and to show that it was obtained by fraud; and in that case it is indispensable that such matter should be alleged in the plaintiff's declaration; for unless it be done, as the other facts which have to be stated establish the existence of probable cause, the declaration is suicidal. The plaintiff's declaration will itself always furnish evidence of probable cause when it states, as it must do, the proceedings that have taken place in the suit alleged to be malicious, and shows that a judgment or decreee has been rendered against the plaintiff. To counteract the legal effect of the judgment or decree, and the legal deduction of probable cause, it is incumbent upon him to make it appear in his declaration that such judgment or decree was unfairly obtained, and was the result of acts of malice, fraud, and oppression on the part of the defendant, designed and having the effect to deprive him of the opportunity and necessary means to have defeated the suit, and obtained a judgment in his favor." This language was quoted by the Supreme Court of the United States in Crescent Live Stock Co. *v.* Butchers' Union, 120 U. S. 141, 150 – 1, and the doctrine thus laid down received its approval in that case, where it was held: " The question of probable cause is a question of law, where the facts are undisputed; and the judgment of the court in favor of the plaintiff is conclusive proof of probable cause for the prosecution of the suit alleged to be malicious, notwithstanding its subsequent reversal by an appellate court, unless it is shown to have been obtained by

means of fraud.    This rule seems to reconcile the apparent contratradiction in the authorities, is well grounded in reason, fair and just to the parties, and consistent with the principle on which the action for malicious prosecution is founded."   The general principle, thus qualified, is now well established by the weight of authority, and applies alike to cases where the action alleged to have been malicious was a criminal prosecution and to .cases where it was a civil proceeding.    Newell, Mal. Pros. 291; Phillips *v.* Kalamazoo, 53 Mich. 33 ; Clements *v.* Odorless Excavating Apparatus Co., 67 Md. 461 ; Witham *v.* Gowen  14 Me. 262 ; Payson *v.* Caswell, 22 Ib. 212; Womack *v.* Circle, 22 Gratt.  324; Severance *v.* Judkins, 73 Me. 376.

We have entered more deeply into this subject than, in view of our own decision in *Hartshorn* v. *Smith,* supra, we otherwise would have done, because of the strongly urged contention that the plaintiff in the distress-warrant proceeding was obliged to know, from the very terms of the rent note which it held for collection, that the rent distrained for was not payable to it, but to another corporation for which it was simply agent.   For this reason, we have taken pains to show, from the authorities, how firmly established is the principle that a judgment by a court of competent jurisdiction, in favor of the plaintiff in the action alleged to have been malicious, is conclusive of probable cause, unless it be alleged and shown that that judgment was obtained by fraud or the use of unfair means; and that, as a consequence, the plaintiff in an action of the present character can not overcome the legal presumption of probable cause, arising from such a judgment, without alleging and proving that it was procured in such a manner.   The justice's court in which the distress-warrant proceeding was tried was, for the trial of that case, a court of competent jurisdiction.   Twice in that court, once before the justice of the peace, and again before a jury to whom the case had by the defendant therein been appealed, the plaintiff in the distress warrant prevailed.   This, in the absence of any proof that these results in the justice's court were obtained by fraud on the plaintiff's part, is conclusive in the present case of the question of probable cause for the institution and prosecution of the distress warrant.   It matters not that the superior court set aside the judgment rendered in the justice's court, upon grounds which caused the plaintiff in the distress warrant to aban-

don its case; as the judgment of the justice and the verdict of the jury in the justice's court are conclusive evidence of the existence of probable cause for the institution and prosecution of the distress-warrant proceeding.

*Judgment reversed.    All the Justices concurring, except Lumpkin, P. J., absent.*