### 21118

Dennis KINTON, Appellant-Respondent, v. MOBILE HOME INDUSTRIES, INC., Respondent-Appellant.

(262 S. E. (2d) 727)

James C. Cothran, Jr., of *King, Cole & Cothran* and *C. Chester Brown, Jr.,* Spartanburg, *for appellant-respondent.*

T. Sam Means, Jr., of *Butler, Means, Evins & Browne,* Spartanburg, *for respondent-appellant.*

January 15, 1980.

NESS, Justice:

Respondent Kinton was awarded $93,450 actual and $118,350 punitive damages in a malicious prosecution action against the appellants, Mobile Home Industries, Inc., who asserts the trial court erred in denying its motions for involuntary nonsuit, directed verdict and judgment N.O.V. We agree and reverse.

The provocation for this malicious prosecution action was the swearing out of two warrants, subsequently dismissed, against Kinton by an agent of Mobile Home. A recitation of the facts giving rise to those warrants follows.

Through the summer of 1973, Kinton was employed by appellant as manager of its Spartanburg lot. In the spring of 1973, Kinton's former girlfriend purchased a mobile home from appellants' Savannah, Georgia lot. Although the mobile home's down payment was secured by a stove and refrigerator, these items remained in a trailer belonging to Kinton located on the Spartanburg lot. He claimed the appliances were his and refused to deliver them to the Savannah lot or to charge them to the Spartanburg lot.

During the summer of 1973, Kinton received $200 from a fellow employee and agreed to hold the cash for him until

he could save enough additional money to purchase an air conditioner through the company. Kinton acknowledged receipt of the money on the back of his business card.

In early September, 1973, Kinton left the Spartanburg lot, taking with him the $200 belonging to his co-employee. The stove and refrigerator remained in his trailer, which he subsequently sold.

Kinton returned to Spartanburg later that fall to dispute Mobile Home's allegation he left owing the company a substantial sum of money, and to claim a commission he asserted was due him. When these differences were not resolved, Mobile Home's agent took out warrants charging Kinton with larceny regarding the stove and refrigerator and breach of trust with fraudulent intent for the retention of the $200. These warrants were subsequently dismissed, the one for larceny by a magistrate at a preliminary hearing, and the one for breach of trust by a solicitor after a grand jury had returned a true bill of indictment.

An essential element of malicious prosecution is the institution of judicial proceedings without probable cause against the plaintiff. *Truett v. Georgeson,* S. C. 258 S. E. (2d) 499 (1979) ; *Ruff v. Eckerds Drugs, Inc.,* 265 S. C. 563, 220 S. E. (2d) 649 (1975). Probable cause in this context does not turn upon the plaintiff's guilt or innocence, but rather upon whether the facts within the prosecutor's knowledge would lead a reasonable person to believe the plaintiff was guilty of the crimes charged. *White v. Coleman,* 277 F. Supp. 292 (D. S. C. 1967) ; *Ruff v. Eckerds Drugs, Inc., supra.* Viewing the evidence in the light most favorable to Kinton, we cannot say Mobile Home lacked probable cause in taking out the warrants. *Tallon v. Seaboard Coast Line Railroad Co.,* 270 S. C. 362, 242 S. E. (2d) 418 (1978).

In the larceny charge, there was no testimony tending to show that Kinton's superiors were aware the appliances belonged to him. To the contrary, both Kinton and the man-

ager of the Savannah lot testified Mobile Home had no way of knowing who actually owned these items. In light of this testimony, we hold the trial court erred in denying Mobile Home's motion on this charge.

The grand jury returned a true bill of indictment against Kinton on the breach of trust charge. South Carolina has long embraced the rule that a true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution. *White v. Coleman, supra; Brown v. Griffin,* 25 S. C. L. (Chev.) 32 (1839); 28 A. L. R. (3d) 748, 758 (1969). Kinton's testimony that his fellow employee had given him the $200 to hold in his individual capacity and not as agent of Mobile Home was insufficient to overcome this presumption, particularly in light of the fact this arrangement had not been communicated to his superiors, and in view of his co-employee's testimony that he had given Kinton the money as part payment for the air conditioner. Accordingly, we hold the trial court erred in denying Mobile Home's motions.

Reversed.

LEWIS, C. J., RHODES and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.