21649

Stephen WHITNER, Appellant, v. DUKE POWER COMPANY, Respondent.

(288 S. E. (2d) 389)

*Thomas F. McDow* and *Charles H. Chiles,* Rock Hill, *for appellant.*

*Billy D. Hayes,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for respondent.*

February 24, 1982.

NESS, Justice:

This is a malicious prosecution action. Appellant, Whitner, alleges respondent, Duke Power, maliciously prosecuted him on a charge of simple possession of marijuana, and asserts the trial court erred in granting summary judgment to Duke. We disagree and affirm.

Appellant was arrested for simple possession by company security officers while employed by Duke Power. Security officers observed him in the passenger seat of John Brunfield's car (a co-worker) and found marijuana in the glove compartment, on the floor board, and in Brunfield's hand.

Brunfield and another Duke employee, Turner, testified appellant was merely a paying passenger in the car and that the marijuana sale that gave rise to the arrests did not involve him. The security officers testified appellant handled the marijuana while seated in the car and when the arrests were made, Brunfield, "jumped out of the car and said, 'I'll take the blame. It's all mine.'" (Tr. 31, f. 17-18). Brunfield and Turner pled guilty to the criminal charge. Appellant was found not guilty.

Whitner argues respondent maliciously continued to press charges against him after receiving the confessions from Brunfield and Turner. The trial judge granted summary judgment to Duke based on the existence of probable cause to prosecute Whitner.

An essential element of malicious prosecution is the institution of judicial proceedings without probable cause to do so. *Kinton v. Mobile Home Industries, Inc.,* 274 S. C. 179, 262 S. E. (2d) 727 (1980); *Truett v. Georgeson,* 273 S. C. 661, 258 S. E. (2d) 499 (1979). "Probable cause in this context does not turn upon the plaintiff's guilt or innocence, but rather upon whether *the facts within the prosecutor's knowledge* would lead a reasonable person to believe the plaintiff was guilty of the crimes charged."

*Kinton, supra,* at 181, 262 S. E. (2d) 727. (Emphasis supplied). Viewing the facts within the prosecutor's knowledge in the light most favorable to appellant, we cannot say Duke Power lacked probable cause to prosecute the warrant against him. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980).

There is no question that probable cause existed when the grand jury indicted him. In *Kinton, supra,* we held, "a true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution." 274 S. C. at 182, 262 S. E. (2d) 727.

He argues that an affidavit by the arresting police officer to the effect that he did not believe that probable cause existed against appellant was sufficient to rebut this presumption. This evidence is not proper for consideration on a motion for summary judgment as it states a conclusion of law and would not be admissible in evidence. Circuit Court Rule 44(d).

Appellant further asserts the absence of probable cause based on the confessions of Brunfield and Turner. Under appellant's contention any time two or more individuals are observed in the process of supposed criminal activity and one "takes the blame," prosecution of the rest would fail for lack of probable cause. This argument is without merit. Here a reasonable mind could easily believe the security officer's testimony that appellant handled the marijuana.

We hold there was sufficient probable cause and summary judgment proper.

Affirmed.

Lewis, C.J., and Littlejohn, Gregory and Harwell, JJ., concur.