21901

Donald Ray DEATON, Appellant, v. Barbara P. LEATH and Charles R. Leath, Respondents, and Teresa McCLAIN, Appellant, v. Barbara P. LEATH and Charles R. Leath, Respondents, and Michael V. STARNES, Appellant, v. Barbara P. LEATH and Charles R. Leath, Respondents, and Mary F. CHILDERS, Appellant, v. Barbara P. LEATH and Charles R. Leath, Respondents. (four cases).

(302 S. E. (2d) 335)

*Michael J. Barnett*, of *McCrackin & Barnett*, Myrtle Beach, *for appellants*.

*J. Boone Aiken, III*, of *Wright Scott, Blackwell & Powers*, Florence, *for respondents*.

April 19, 1983.

NESS, Justice:

This is a malicious prosecution action. Appellants contend the trial court erred in granting respondents' Leaths' motions for summary judgment. We disagree and affirm.

The Leaths caused appellants to be arrested and charged with trespassing and disorderly conduct. Appellants waived their right to a jury trial and were found guilty as charged by

the Myrtle Beach City Recorder. They timely filed notices of intent to appeal in circuit court, but because of an equipment malfunction in the recorder's court, a transcript of the proceedings could not be obtained. Appellants' subsequent motion to set aside the convictions was granted,[1] and they were acquitted on retrial before a different judge.

Appellants then brought this action for malicious prosecution. Respondents' motion for summary judgment was granted on the ground appellants' initial convictions conclusively established probable cause. Appellants contend the convictions are not conclusive evidence of probable cause since the convictions were set aside and appellants were acquitted on retrial.

An essential element of malicious prosecution is lack of probable cause. *Whitner v. Duke Power Co.*, S. C., 288 S. E. (2d) 389 (1982); *Kinton v. Mobile Home Industries, Inc.*, 274 S. C. 179, 262 S. E. (2d) 727 (1980). While the issue presented by this case is of first impression in this state, the great majority of jurisdictions have ruled that a conviction, even though subsequently reversed or set aside, conclusively establishes reasonable cause absent a showing the conviction was procured through fraud, perjury, or other undue means. *Faulkner v. Almon*, 22 N. C. App. 643, 207 S. E. (2d) 388 (N. C. 1974); *Boxer v. Slack, et al.*, 124 W.Va. 149, 19 S. E. (2d) 606 (W.Va. 1942); *Ricketts v. J. G. McCrory Co.*, 138 Va. 548, 121 S. E. 916 (Va. 1924); *Georgia Loan & Trust Company v. Johnston*, 116 Ga. 628, 43 S. E. 27 (Ga. 1902). See Annot. 86 A.L.R. (2d) 1090; Prosser, Torts, § 119, p. 846 (4th Ed. 1971).

We find the majority rule to be a well-reasoned one. In determining the existence of probable cause in a malicious prosecution action, the focus is on whether the defendant had reasonable cause to believe the plaintiff guilty, and not on the plaintiff's actual guilt or innocence. *Kinton, supra.* If a court proceeds to conviction, it necessarily had evidence before it which could convince a reasonable man of the accused's guilt beyond a reasonable doubt, and thus a

---

[1] We question the propriety of the recorder's setting aside the convictions on the ground asserted in light of South Carolina Code Ann. §§ 14-25-160 (1976), which was then in effect. However, this issue was never raised by respondent, and is not before this Court.

presumption of reasonable cause arises. Absent fraud, a subsequent reversal is no evidence of lack of reasonable cause, particularly where, as here, the sole ground for setting aside the convictions was the unavailability of a transcript of the proceedings.

Appellants do not allege the conviction was obtained through fraud, perjury, or other undue means. Absent such an allegation, their convictions conclusively establish probable cause. Therefore, the trial judge properly granted respondents' summary judgment motion.

Affirmed.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

Neither precedent in this State nor reason justify the adoption of the rule that a conviction, although reversed, conclusively establishes probable cause.

It is true that in many jurisdictions the issue of "probable cause," as a defense to civil actions for malicious prosecution, can be conclusively resolved in favor of a defendant upon a showing that the plaintiff was convicted of the charges, even where the conviction is subsequently reversed or set aside, absent fraud, perjury or similar impeaching circumstances. Annotation, "Malicious Prosectuion—Probable Cause," 86 A.L.R. (2d) 1090. The principle does not, however, enjoy universal acceptance. A number of jurisdictions view such a conviction as merely *prima facie* evidence of "probable cause" which the plaintiff may rebut. 86 A.L.R. (2d) 1090, 1104.

This minority view strikes me as preferable to the principle of conclusive effect, given that a multitude of factors can distinguish one reversal from the next. There are, for example, jurisdictions which apply a different presumption to convictions depending upon the status of the trial court. 86 A.L.R. (2d) 1090, 1093, 1106. I voice no opinion as to the propriety of so weighing convictions but simply note this practice as evidence of the complexities which the majority opinion ignores.

A more flexible, *prima facie* rule would be in keeping with the many decisions of this Court holding that the issue of

"probable cause" in malicious prosecution actions is a question of fact for jury resolution. *Parrott v. Plowden Motor Co.*, 246 S. C. 318, 143 S. E. (2d) 607; *Margolis v. Telech*, 239 S. C. 232, 122 S. E. (2d) 417; *Elletson v. Dixie Home Stores*, 231 S. C. 565, 99 S. E. (2d) 384; *Brown v. Bailey*, 215 S. C. 175, 184, 54 S. E. (2d) 769 (and cases cited). See also Annotation, 87 A.L.R. (2d) 183, 200.

I fail to find the "well-reasoned" support for the view adopted by the majority. The majority gives as the reasons for adopting the "conclusive" rule:

> (1) In determining the existence of probable cause; the focus is on whether the defendant had reasonable cause to believe the plaintiff guilty, and not on the plaintiff's actual guilt or innocence.
> (2) If a court proceeds to conviction, it necessarily had evidence before it which could convince a reasonable man of the accused's guilt beyond a reasonable doubt.

In either of the foregoing arguments, the fact remains that the conviction was set aside, leaving unresolved the question of whether the defendant had reasonable cause to believe the plaintiff guilty. To say that, if a court proceeds to conviction, it *necessarily* had evidence before it to convince a reasonable man of guilt, is conclusively refuted by the number of cases in which this Court has set aside because there was a total lack of evidence to support it, is not to be regarded as *conclusive* of the issue of probable cause. Yet, the rule adopted by the majority accomplishes that result.

Many factors enter into the reversal of cases, which the *conclusive* rule, adopted by the majority, simply refuses to recognize. I fear that the majority opinion takes a leap without looking, the impact of which may be felt by parties who should, but now never will, have their day in court.

However, assuming the soundness of the majority rule, I am further compelled to dissent in this instance because the record simply does not permit us to reasonably apply the rule of conclusive effect. The convictions of the appellants were set aside for lack of a transcript. Conceivably the convictions might have been in fact obtained through fraud or perjury which presents the universally acknowledged exception to the so-called "majority rule." We have no way to know if the

general rule can be fairly and justly relied upon here, which was precisely the situation of the Nevada Supreme Court when it adopted the minority view described above. *Chapman v. Reno,* 85 Nev. 365, 455 P. (2d) 618.

I would reverse and, therefore, dissent.