THIS OPINION HAS NO PRECEDENTIAL VALUE.  
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS 
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Albert Clay,       
Respondent,
 
 
 

v.

 
 
 
Debbie Holmes Strother,       
Appellant.
 
 
 

Appeal From Beaufort County
Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2005-UP-129
Heard February 8, 2005  Filed February 
 18, 2005

AFFIRMED

 
 
 
H. Fred Kuhn, Jr., of Beaufort, for Appellant.
James Arthur Brown, Jr., of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Debbie Strother appeals from 
 a verdict of $9,000 in favor of Albert Clay on his claim for malicious prosecution.  
 We affirm pursuant to Rule 220(b)(2), SCACR and the authorities that follow.
As to Issue I regarding the denial of Strothers 
 motions for a directed verdict and a judgment notwithstanding the verdict, although 
 we question whether the issue is preserved, we conclude, in any event, that 
 the record supports the trial courts ruling:  Rule 50(a), SCRCP (A motion 
 for a directed verdict shall state the specific grounds therefor.); Rule 50(b), 
 SCRCP (providing a motion for a judgment notwithstanding the verdict should 
 be made in accordance with the grounds of the motion for a directed verdict); 
 Creech v. South Carolina Wildlife & Marine Resources Dept, 328 S.C. 
 24, 34, 491 S.E.2d 571, 576 (1997) (holding issues not raised in a motion for 
 a directed verdict cannot be argued on appeal); Strange v. South Carolina 
 Dept of Highways & Pub. Transp., 314 S.C. 427, 429-30, 445 S.E.2d 439, 
 440 (1994) (In ruling on motions for directed verdict and JNOV, the trial court 
 is required to view the evidence and the inferences that reasonably can be drawn 
 therefrom in the light most favorable to the party opposing the motions and 
 to deny the motions where either the evidence yields more than one inference 
 or its inference is in doubt.  The trial court can only be reversed by this 
 Court when there is no evidence to support the ruling below. (citations omitted)); 
 McKenney v. Jack Eckerd Co., 304 S.C. 21, 22, 402 S.E.2d 887, 888 (1991) 
 ([W]here an accused establishes that charges were nolle prossed 
 for reasons which imply or are consistent with innocence, an action for malicious 
 prosecution may be maintained.); Kinton v. Mobile Home Indus., Inc., 
 274 S.C. 179, 182, 262 S.E.2d 727, 728 (1980) (observing South Carolina has 
 long embraced the rule that a true bill of indictment is prima facie evidence 
 of probable cause in an action for malicious prosecution, but noting this presumption 
 may be overcome by sufficient evidence to the contrary).
As to Issue II regarding the cross-examination 
 of Clay about a prior offense, we find no abuse of discretion in this regard:  
 Rule 609(a)(1), SCRE ([E]vidence that a witness other than an accused has been 
 convicted of a crime shall be admitted, subject to Rule 403, if the crime was 
 punishable by death or imprisonment in excess of one year under the law under 
 which the witness was convicted, and evidence that an accused has been convicted 
 of such a crime shall be admitted if the court determines that the probative 
 value of admitting this evidence outweighs its prejudicial effect to the accused[.]); 
 Rule 403, SCRE (Although relevant, evidence may be excluded if its probative 
 value is substantially outweighed by the danger of unfair prejudice, confusion 
 of the issues, or misleading the jury, or by considerations of undue delay, 
 waste of time, or needless presentation of cumulative evidence.); Gamble 
 v. Intl Paper Realty Corp., 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996) 
 (The admission or exclusion of evidence is a matter within the sound discretion 
 of the trial court and absent clear abuse, will not be disturbed on appeal.).
 AFFIRMED.
HEARN, C.J., and GOOLSBY and WILLIAMS, JJ., concur.