[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14534
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02445-TWT


PAUL F. JANNUZZO,

Plaintiff - Appellant,

versus

GLOCK, INC.,
CONSULTINVEST, INC.,
ROBERT T. CORE,
JOHN F. RENZULLI,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 4, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Paul F. Jannuzzo appeals the district court's dismissal of his malicious prosecution and RICO claims against Glock, Inc. (Glock), Consultinvest, Inc., Robert T. Core, and John F. Renzulli (Defendants), and the district court's denial of his Rule 59(e) motion for leave to file a Second Amended Complaint.

Despite the perturbing circumstances of Mr. Jannuzzo's investigation and prosecution, we conclude that he has failed to establish plausible malicious prosecution and RICO claims, that his proposed amended complaint does not rescue these claims, and that the district court therefore did not err in denying his motion for reconsideration.  Accordingly, we affirm.

I.

Jannuzzo's claims were born out of his trial for theft by conversion and conspiracy to violate Georgia's RICO Act, O.C.G.A. § 16-4-4.[1]  The theft charge, which served as a predicate act necessary for the RICO offense, concerned a pistol loaned to Jannuzzo in 1999 by Glock for use in his role as Glock's general counsel. Jannuzzo resigned as general counsel in 2003, and, shortly thereafter, he notified Glock's succeeding general counsel, Kevin Connor, that he still had the pistol.  But Glock did not request it back, and Jannuzzo never returned it.  In 2007, due to an unrelated event, the State of Georgia found the pistol—which was still registered to Glock—in Jannuzzo's possession.  Two years later, despite a four year statute of

---

[1] The details of his prosecution and trial are skillfully summarized in the district court order.  *See Jannuzzo v. Glock, Inc.*, No. 1:15-CV-2445-TWT (N.D. Ga. June 1, 2016).

2

limitations for theft by conversion, the State of Georgia charged Jannuzzo with conspiracy to violate Georgia RICO, using the pistol conversion as a predicate act.

At trial, a jury convicted Jannuzzo of both charges, but, three years later, the Georgia Court of Appeals reversed his conviction. It found that "the State failed to carry its burden to prove that Jannuzzo was indicted on [either] count within the applicable statutes of limitation." *Jannuzzo v. State*, 746 S.E.2d 238, 243 (Ga. Ct. App. 2013).

Jannuzzo then filed a complaint against the defendants, alleging malicious prosecution under 42 U.S.C. § 1983 and Georgia law, related conspiracy claims, and violations of Georgia RICO, O.C.G.A. § 16-4-4(a)–(c). Jannuzzo later sought, and received, leave to amend his complaint. But on June 1, 2016, the district court dismissed the First Amended Complaint as to all defendants.

Jannuzzo moved the district court to reconsider, pursuant to Federal Rule of Civil Procedure 59(e), and sought leave to file a Second Amended Complaint, a proposal of which he attached to his motion. Among other things, Jannuzzo argued that the district court erred in dismissing his claims and put forth newly discovered evidence supporting his allegations.

The district court denied Jannuzzo's motion, finding that he only repackaged his original arguments; that he failed to demonstrate that his new evidence was previously unavailable; and that granting him leave to replead his RICO claims

3

would be futile because his proposed Second Amended Complaint still fell short of Rule 9(b)'s particularity requirement.  This appeal ensued.

## II.

We review de novo the district court's grant of a motion to dismiss, "accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion."  *Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007).  While we review the denial of a motion to amend a complaint for abuse of discretion, "we review de novo the underlying legal conclusion of whether a particular amendment to the complaint would be futile."  *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1093–94 (11th Cir. 2017) (internal quotation marks omitted).

III.

*A. Malicious Prosecution Claims*

Jannuzzo argues that the defendants strategically misrepresented evidence of Glock Inc.'s corporate knowledge of the whereabouts of the pistol he was convicted of converting in order to circumvent the statute of limitations. He also argues that the defendants failed to investigate and present potentially exculpatory testimony. These actions, he posits, amounted to fraud.

In order to establish a § 1983 malicious prosecution claim, a plaintiff must prove (1) the common law elements for malicious prosecution and (2) that the defendants violated his Fourth Amendment right to be free from unreasonable seizures. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). For § 1983 purposes, "the constituent elements of the common law tort of malicious prosecution include[]: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* at 881–82.

In Georgia, as a general rule, a guilty verdict is conclusive evidence of probable cause—even if the conviction is later reversed—and thus sinks a claim for malicious prosecution. *Condon v. Vickery*, 606 S.E.2d 336, 339 (Ga. Ct. App. 2004). But "[c]ases in which the judgment in the original action is obtained by

5

fraud, perjury, or subornation are excepted from the operation of this general rule." *Georgia Loan & Tr. Co. v. Johnston*, 116 Ga. 628, 631, 43 S.E. 27, 28 (Ga. 1902). Likewise, the denial of a motion for directed verdict of acquittal conclusively determines that probable cause existed, absent a showing of fraud or corruption. *Akins v. Warren*, 375 S.E.2d 605, 606 (Ga. 1989).  The Supreme Court of Georgia has suggested that the fraud exception may be warranted when the plaintiff provides evidence of perjured testimony or "intentional corruption of the criminal trial," such as bribing the judge.  *Id.*

Because Jannuzzo was convicted at trial—where *three* motions for directed verdict were denied—he must make out a plausible claim that his trial was corrupted by fraud.  He fails to do so.  While Jannuzzo alleges that defendants manipulated the evidence put forth at trial and were aware of potentially exculpatory testimony, he does not provide any legal support for how these facts corrupted his trial or produced a fraudulent verdict, as required by Georgia law. The district court astutely pointed out that Jannuzzo was able to present at trial the very testimony which he claims was concealed.[2]  Indeed, the Georgia Court of Appeals relied upon the trial testimony in reversing his conviction on statute of limitation grounds, concluding that the evidence demonstrated (1) that Glock, Inc.

---

[2] Specifically, Kevin Connor, Glock, Inc.'s new general counsel, testified at the trial that he spoke with Jannuzzo on the phone in 2003, that Jannuzzo told him that he had the pistol, and that Connor relayed this information to his superior, Robert Glock.

6

recorded that the gun was loaned out to Jannuzzo in 1999 and (2) that Jannuzzo notified Glock's general counsel in 2003 that he still had the gun. *Jannuzzo*, 746 S.E.2d at 241–42.

In his three motions for directed verdict, Jannuzzo repeatedly put forth this statute of limitations defense, which was also placed before the jury. But the prosecution put on competing evidence—such as testimony that, in 2005, Jannuzzo told Glock Inc.'s outside counsel, defendant John F. Renzulli, that he no longer had the gun. This testimony was supported by a follow up email from Jannuzzo to Renzulli suggesting that Glock Inc.'s paperwork was incorrect. Jannuzzo does not allege that Renzulli committed perjury or fabricated this evidence at his trial.

Indeed, Jannuzzo does not claim that *any witness* committed perjury that corrupted his trial. Instead, he argues that the defendants collectively orchestrated the testimony so that no individual *had to* commit perjury, while ensuring that Glock Inc.'s corporate knowledge would not be accurately represented. This, quite simply, is not a claim of perjury. And, once again, the decision of the Georgia Court of Appeals belies Jannuzzo's contention that the trial testimony fraudulently obscured Glock, Inc.'s corporate knowledge.

Because there was probable cause for Jannuzzo's prosecution, and because Jannuzzo does not plausibly establish that his trial verdict was the product of fraud or corruption, we must affirm the dismissal of his malicious prosecution claims.

7

*B. RICO Claim*

Next, Jannuzzo argues that the defendants engaged in a pattern of racketeering in violation of Georgia's RICO statute by making false statements, failing to disclose exculpatory evidence, manipulating evidence and testimony at trial, and committing perjury at a pre-trial proceeding.

In order to make out a racketeering claim under Georgia's RICO statute, a claimant must allege two interrelated predicate offenses.  O.C.G.A. § 16-14-3(4). Furthermore, Federal Rule of Civil Procedure 9(b) requires that "[c]ivil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).  The purpose of this rule is to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted).  Thus, in order to satisfy Rule 9(b), RICO complaints must allege two predicate offenses and describe: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal*, 482 F.3d at 1316–17.

8

We agree with the district court that Jannuzzo failed to allege his RICO claims in either his First or proposed Second Amended Complaint with the specificity required by Rule 9(b).  Both of Jannuzzo's complaints consist of mostly vague and conclusory allegations which fail to assert the "when, where, by whom, or specifically what" of the predicate offenses alleged.  *See Brooks*, 116 F.3d at 1371 (internal quotation marks omitted).

Take Jannuzzo's claim that defendants improperly influenced the testimony of Peter Manown in violation of O.C.G.A § 16-10-32 and O.C.G.A § 16-10-93.  Jannuzzo alleges that defendants were involved in initiating a plea deal "to obtain leverage over Manown so that he would testify against Jannuzzo" and "provide[] the testimony that Defendants wanted."  But these conclusory statements are not supported by specific facts sufficient to plausibly constitute the alleged predicate offenses, which require such actions as threats of physical harm or intimidation.  *See* O.C.G.A §§ 16-10-32, -93.

Jannuzzo's allegation that defendants manipulated Kevin Connor's testimony suffers from the same flaws.  While Jannuzzo intimates that the defendants influenced Connor, through Detective Harrison, to remove portions of his affidavit unfavorable to the prosecution, Jannuzzo fails to allege what content was deleted, the nature of the manipulation, and how it amounted to a violation of

any Georgia law.  Accordingly, these allegations cannot serve as predicate offenses for Jannuzzo's RICO claim.

In his proposed Second Amended Complaint, Jannuzzo argues for the first time that defendants violated O.C.G.A. § 16-10-20[3] by "willfully provid[ing] statements to Butters that contained knowingly false statements . . . in order to obtain an indictment" and "continue the prosecution of Jannuzzo."  While tacking on this new predicate offense stretches the purpose of a motion to alter or amend,[4] we also find these vague allegations to lack the specificity required by Rule 9(b). *See Ambrosia Coal*, 482 F.3d at 1316–17.  Jannuzzo rehearses his refrain about Glock, Inc.'s knowledge of the whereabouts of the converted pistol, but he fails to identify the content of any false statements or fabricated evidence specifically put forth by defendants to government officials in violation of the aforementioned Georgia statute.

Finally, Jannuzzo's proposed Second Amended Complaint does provide stronger evidence of Renzulli's alleged perjury at a pre-trial hearing regarding his relationship with a paralegal; however, this additional information does not salvage

---

[3] O.C.G.A. § 16-10-20 makes punishable "[a] person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government . . . ."

[4] "Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."  *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Jannuzzo's RICO claim.  Jannuzzo argues that this alleged perjury impacts Renzulli's credibility, while defendants argue that it is immaterial.  We need not weigh in on whether lying about an affair at a pre-trial hearing is material in this case, because, either way, Renzulli's Second Amended Complaint fails to plausibly allege *two* predicate acts necessary to establish his RICO claims against defendants.  Accordingly, we affirm the dismissal of Jannuzzo's RICO claims against all defendants.

*C. Rule 59(e) Motion*

Our conclusions above necessarily mean that Jannuzzo's amendments to his RICO claims would be futile.  While the Federal Rules allow a court to "freely give leave" to amend a complaint "when justice so requires," Fed. R. Civ. Pro. 15(a)(1)(B), "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the complaint as amended is still subject to dismissal."  *Chang* , 845 F.3d at 1094 (internal quotation marks omitted).  Because Jannuzzo's proposed Second Amended Complaint is still subject to dismissal, the district court did not err in denying Jannuzzo leave to amend it.

Neither did the district court abuse its discretion in denying Jannuzzo's motion to reconsider based upon new evidence.  Jannuzzo alleges that he obtained new evidence of a meeting where Glock, Inc. employees were instructed not to

11

accept any guns from Jannuzzo after he left Glock, Inc.  In his Rule 59(e) motion, Jannuzzo argued that this new evidence "only came to [his] attention after briefing on Defendants' motions to dismiss was complete."  But Jannuzzo fails to demonstrate that this evidence was previously *unavailable*, as required by this circuit.  *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").  Therefore, the district court did not err in denying Jannuzzo's Rule 59(e) motion.

## IV.

We affirm the dismissal of Jannuzzo's malicious prosecution and RICO claims against all defendants and conclude that the district court did not err in denying Jannuzzo's Rule 59(e) motion.

**AFFIRMED.**

12