**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dr. Gregg Battersby, Appellant,

v.

Sheriff John Skipper, in his official capacity, Respondent.

Appellate Case No. 2016-000973

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-377
Submitted September 1, 2018 – Filed October 10, 2018

———————

**AFFIRMED**

———————

Dr. Gregg Battersby, of Anderson, pro se.

Charles Franklin Turner, Jr., of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondent.

———————

**PER CURIAM:** Dr. Gregg Battersby appeals a circuit court order granting summary judgment in favor of former Anderson County Sheriff John Skipper. On appeal, Dr. Battersby argues the circuit court erred in (1) granting summary judgment for malicious prosecution and false imprisonment, (2) granting summary judgment for abuse of process, and (3) finding Skipper entitled to immunity under

the South Carolina Tort Claims Act.[1]  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in granting summary judgment for malicious prosecution and false imprisonment: *BPS, Inc. v. Worthy*, 362 S.C. 319, 324, 608 S.E.2d 155, 158 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard [that] governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006) (holding that to maintain an action for malicious prosecution, a plaintiff must establish "(1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage" (quoting *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965))); *id.* ("An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause."); *id.* at 440, 629 S.E.2d at 651 ("To prevail on a claim for false imprisonment, the plaintiff must establish: (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful."); *id.* at 441, 629 S.E.2d at 651 ("The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest."); *id.* ("Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise."); *id.* ("Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields but one conclusion."); *Kinton v. Mobile Home Indus., Inc.*, 274 S.C. 179, 182, 262 S.E.2d 727, 728 (1980) ("South Carolina has long embraced the rule that a true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution."); *McBride v. Sch. Dist. of Greenville Cty.*, 389 S.C. 546, 567, 698 S.E.2d 845, 856 (Ct. App. 2010) (noting witnesses' statements support finding probable cause).

2.  As to whether the circuit court erred in granting summary judgment for abuse of process: *BPS, Inc.*, 362 S.C. at 324, 608 S.E.2d at 158 ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard [that]

---

[1] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2017).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014) ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."); *id.* at 370-71, 756 S.E.2d at 133 ("The first element, an 'ulterior purpose,' exists if the process is used to secure an objective that is 'not legitimate in the use of the process.'" (quoting *D.R. Horton, Inc. v. Wescott Land Co.*, 398 S.C. 528, 551-52, 730 S.E.2d 340, 352 (Ct. App. 2012))); *id.* at 371, 756 S.E.2d at 133 ("An allegation that a party had a 'bad motive' or an 'ulterior purpose' in bringing an action, standing alone, is insufficient to sustain an abuse of process claim."); *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 351 S.C. 65, 75, 567 S.E.2d 251, 255-56 (Ct. App. 2002) ("One who uses a legal process, whether criminal or civil, against another *primarily* to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." (quoting Restatement (Second) of Torts § 682 (1977))); *Pallares*, 407 S.C. at 371, 756 S.E.2d at 134 ("The second element, a 'willful act,' has been described as '[s]ome definite act or threat not authorized by the process or aimed at an object not legitimate in the use of the process.'" (quoting *Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997))); *id.* ("The 'willful act' element consists of three components: (1) 'a "willful" or overt act'; (2) 'in the use of the process'; (3) 'that is improper because it is either (a) unauthorized or (b) aimed at an illegitimate collateral objective.'" (quoting *Food Lion, Inc.*, 351 S.C. at 71, 567 S.E.2d at 254)).

3. As to whether the circuit court erred in finding Skipper entitled to immunity: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address an issue when the resolution of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**KONDUROS, MCDONALD, and HILL, JJ., concur.**