# NOTES OF CAUSES

## Decided During the Period Comprised in this Volume and not reported in full.

No. 3585. STATE *v.* JOHNSON, April Term, 1895. This was a motion, notice of which was served on attorney for appellant, the nature of which is fully explained by the following order of April 24, 1895,

PER CURIAM. In this case, the solicitor moves to dismiss this appeal, upon the ground that the appellant has, since this appeal was perfected, escaped from the jail of Edgefield County, and thus placed himself beyond the jurisdiction of this court, and this statement is verified by affidavit. It is well settled that this court will not hear an appeal where the appellant has voluntarily put himself beyond the jurisdiction of the court. *State* v. *Murrell*, 33 S. C., 83, and the cases there cited. Hence, when this case was called, and the fact made known to the court that the appellant had escaped from custody of the law, the case was marked "continued," as it could not now be heard, under the well-settled rule; but in ordering the continuance, the court distinctly announced that such order would not affect the right of the solicitor to make this motion to dismiss the appeal, which the court has determined to grant. But as the issue involved is of the gravest character, involving the life of the appellant, the court is unwilling to entirely preclude the appellant from having his appeal heard, if, hereafter, the court should acquire such jurisdiction of the person of the appellant as would enable the court to render an effective judgment. It is, therefore, ordered, that the continuance of this case, heretofore ordered, be opened, and the appeal be dismissed, without prejudice, however, to the appellant's right to move to have his appeal reinstated, if he, hereafter, shall place himself, or be brought, within the jurisdiction of the court; provided such motion be submitted to this court, at the first

ensuing term of this court, after jurisdiction has been reacquired by this court.

*Nelson,* solicitor, for the motion.   *J. W. Thurmond,* contra.