18809

Bessie CHINA, Appellant, v. Wendell T. PARROTT, Respondent

(162 S. E. (2d) 276)

*Messrs. Richardson & James* and *Morris D. Mazursky,* of Sumter, and *Harold C. Seigler,* of Columbia, *for Appellant,*

*Messrs. Lee & Moise,* of Sumter, *for Respondent,*

*Messrs. Richardson & James* and *Morris D. Mazursky,* of Sumter, and *Harold C. Seigler,* of Columbia, *for Appellant, in reply,*

July 9, 1968.

LEWIS, Justice.

On December 3, 1963 at approximately 7:20 p. m., as she was walking across Guignard Drive at or near its intersection with Oakland Avenue in the City of Sumter, South Carolina, plaintiff was struck by an automobile driven by defendant. She sustained serious personal injuries and brought this action to recover her damages, alleging that her injuries resulted from the negligence and recklessness of the defendant in the operation of his automobile at the time and place. The defendant denied these allegations and

interposed the defense of contributory negligence and reck-lessness. The trial of the case resulted in a verdict for plain-tiff for actual damages in the amount of $20,000.00; but subsequently, upon motion of defendant, judgment notwith-standing the verdict was entered by the trial judge in favor of defendant upon the ground that plaintiff was barred of recovery by her own contributory negligence. Plaintiff has appealed from the judgment so entered.

Under the record and for the purposes of determining the issue in this appeal, the verdict of the jury constituted a find-ing that plaintiff's injuries and damage were proximately caused by defendant's negligence or recklessness in the op-eration of his automobile and that plaintiff was not guilty of contributory negligence so as to bar her of recovery. The basic question in this appeal is whether there was any evi-dence to sustain these findings of the jury. Admittedly, if the evidence was reasonably susceptible of the inferences drawn by the jury, the verdict must stand. Only where the evidence gives rise to but one inference does the question become one of law for the court.

Preliminarily however, since it involves a dispute as to the issues which were submitted to the jury, and conse-quently affects our review of the record, we must first dis-pose of an appeal by the defendant from an order settling the case on appeal. The question has arisen because portions of the stenographic notes of the trial proceedings were lost be-fore they were transcribed by the court reporter.

The complaint alleged that plaintiff's injuries were caused by the negligent and reckless conduct of defendant and orig-inally sought both actual and punitive damages. However, it appears that during the trial plaintiff withdrew the de-mand for punitive damages and asked judgment for only actual damages. Dispute arises as to the form of such with-drawal and whether it operated to withdraw the issue of defendant's recklessness from the case. Of course, the pres-ence or absence of an issue as to recklessness on the part of defendant would materially affect the degree of contributory

negligence necessary to bar plaintiff of recovery. Plaintiff says that the demand for punitive damages was withdrawn without withdrawing the issue of defendant's recklessness and proposed that the record on appeal so show. The defendant objected and the question of what transpired in connection with plaintiff's withdrawal of the demand for punitive damages was submitted to the trial judge to determine in order to settle the case for appeal.

In considering the matter the trial judge had before him his previous order granting judgment notwithstanding the verdict, in which he concluded that the verdict of the jury "apparently exonerates the defendant from anything more than simple negligence"; affidavits of plaintiff's counsel; and an affidavit of the court reporter. The affidavits were to the effect that according to the affiants' recollection plaintiff had withdrawn her demand for punitive damages without withdrawing the issue of defendant's recklessness, and that such issue was submitted to the jury under appropriate instructions by the court. The trial judge had no independent recollection of what transpired and, based largely upon the foregoing affidavits, found that the facts were as plaintiff contended. Accordingly, his order made the following factual statement a part of the record on appeal:

Plaintiff's counsel, in the course of his argument to the jury, announced that plaintiff withdrew her demand for punitive damages without withdrawing the issue of defendant's recklessness and willfulness. The jury was charged by the presiding judge that they would not consider a verdict of punitive damages against defendant since plaintiff had withdrawn her demand for punitive damages. The trial judge charged the jury that they would consider the issue of recklessness and willfulness on the part of the defendant, along with the issue of negligence, as alleged in the complaint.

The defendant objects to the fact that the trial judge considered the affidavits of plaintiff's counsel and the court reporter in determining what transpired. The

trial of this case was held in January 1965 and the affidavits were signed in April and May of 1967, over two years after the trial. The defendant contends that the long lapse of time since the trial should have rendered the affidavits of little probative value, especially in view of the inability of the trial judge and defendant's counsel to recall what took place and the statement by the trial judge in his previous order that the verdict of the jury apparently exonerated the defendant of the charge of recklessness. We find no error in the action taken by the trial judge.

Where there is a disagreement as to what the record on appeal should contain, the duty and responsibility of settling the question rests upon the trial judge. Section 7-406, 1962 Code of Laws; Rule 4, Section 7, Rules of the Supreme Court; *South Carolina State Highway Department v. Meredith,* 241 S. C. 306, 128 S. E. (2d) 179; *Southern Pine Lumber Co. v. Martin,* 118 S. C. 319, 110 S. E. 804.

In order to settle the record on appeal, it became necessary for the trial judge to determine what transpired with reference to the withdrawal of the demand for punitive damages and the submission of the issue of recklessness to the jury. In doing so he properly considered the affidavits of counsel and the court reporter as to what happened. The fact that the notes of the court reporter were lost and the trial judge had no independent recollection of the incident under inquiry did not preclude him from determining the question upon the basis of the affidavits submitted. Their probative value was for him to determine and his conclusions thereabout are binding on the court.

The issues on appeal must therefore be determined on the basis of the record as settled by the trial court.

It is elementary that, in determining whether the verdict of the jury has factual support in the record, the evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the plaintiff.

When plaintiff was struck by defendant's automobile, she was attempting to walk across Guignard Drive at or near its intersection with Oakland Avenue. Guignard runs in a north-south direction while Oakland runs east and west. The portion of Guignard paved for use by vehicular traffic was 49 feet wide and Oakland was 24 feet, with paved side-walks for pedestrians paralleling both sides of the streets. There were no traffic control signals at the intersection. However, Guignard was an express street and traffic entering it from Oakland was required to stop. There was no street light in the intersection but there were two in the area, both extending from poles on the east side of Guignard, one located 80 feet north of the intersection and another 30 feet south. It was dark and the headlights on defendant's automobile were shining. The posted speed limit in the area was 35 miles per hour.

Both Guignard and Oakland were publicly maintained streets and the reciprocal rights and duties of pedestrians and motorists at the intersection were controlled by the provisions of Section 46-433 of the 1962 Code of Laws, the pertinent portion of which is as follows:

When traffic-control signals are not in place or not in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield * * *.

Defendant was proceeding north on Guignard Drive traveling according to one witness at a speed of 50 miles per hour, but according to defendant at 35 miles per hour. While there is also a dispute in the testimony as to the direction in which plaintiff was walking, the defendant testi-

fied that when he first saw her she was crossing Guignard from his left to his right (west to east) and was about thirty feet away, north of the intersection, near the middle of the street. This would mean, according to defendant, that plaintiff was about halfway across the street when defendant first saw her and that she was crossing, not at the crosswalk but some distance from the intersection. However, one of plaintiff's witnesses, while disagreeing as to the direction in which plaintiff was walking, testified that plaintiff was in the crosswalk area when she was struck.

In addition to the foregoing there was other testimony from which the inference might reasonably be drawn that plaintiff was proceeding across the street in the cross-walk area where pedestrians were required to travel. It is a fact of mathematical determination that an automobile at 50 miles per hour is moving about 73 feet per second and that at 35 miles per hour about 51 feet per second. It is common knowledge that there is a time interval (reaction time) required for a motorist to react after perceiving danger. The testimony is undisputed that when the defendant saw the plaintiff he applied the brakes on his automobile causing the tires to leave skid marks on the pavement, and that these skid marks began at the center of the intersection. Therefore, if defendant, as he testified, first saw plaintiff when she was thirty feet away and his tire marks began at the center of the intersection, it is reasonably inferable, considering reaction time, that he had not reached the center of the intersection when he first sighted plaintiff and that she was at that time in the crosswalk where pedestrians were required to walk in crossing the street.

The defendant also testified that plaintiff dashed across the street immediately in front of his car and it was impossible for him to yield the right of way. There is other testimony however that she was walking across the street and that she was not struck until she was about the center of defendant's lane of travel, which, if true, would mean that she had crossed approximately three fourths of the street.

She was hit by the right front of defendant's automobile. This testimony, under the circumstances, presented a factual issue as to whether plaintiff was crossing the intersection with due care and whether she had reached a point on the roadway so as to require the defendant to yield the right of way in compliance with the foregoing statute.

We think it is reasonably inferable from the testimony (1) that the defendant was driving into the intersection at an unlawful rate of speed; (2) that he failed to keep a proper lookout; and (3) that in violation of Section 46-433, *supra,* he failed to yield the right of way to, the plaintiff who was at the time approaching so closely to defendant's lane of travel as to be in danger. Under the evidence the trial judge was correct in submitting the issues of negligence, recklessness, contributory negligence and contributory recklessness to the jury to determine, and·in error in entering judgment for the defendant notwithstanding the verdict.

The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of the plaintiff in accordance with the verdict of the jury.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.