654 S.E.2d 554

**The STATE, Respondent**

v.

**Jerry Gerald SERRETTE, Appellant.**

**No. 4321.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2007.

Decided Dec. 4, 2007.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek, South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attor-

ney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney General, of Columbia; and Solicitor John Gregory Hembree, of Conway, for Respondent.

PER CURIAM:

Jerry Gerald Serrette appeals from his convictions for trafficking cocaine and possession with intent to distribute marijuana. Serrette contends this court should remand for a reconstruction hearing because the record of his original trial was lost during the nearly eleven-year gap between conviction and sentencing due to his fugitive status. We dismiss.

## FACTS

On October 12, 1994, Serrette was convicted *in absentia* for trafficking cocaine and possession with intent to distribute marijuana. A bench warrant was issued, and over ten years later, Serrette was arrested and sentenced to six years' imprisonment for the cocaine charge and a concurrent four years' imprisonment on the marijuana charge. After filing a notice of appeal, Serrette learned his trial transcript had been destroyed pursuant to Rule 607(i), SCACR, which allows court reporters to reuse or destroy tapes of a proceeding after five years. On appeal, Serrette asks this court to remand for a reconstruction hearing. The State opposes a remand and contends the case should be dismissed.

## LAW/ANALYSIS

Serrette argues he is entitled to a direct appeal, which cannot be meaningfully perfected without a trial transcript. He asks that we remand his case to have the record reconstructed and allow the circuit court to determine whether reconstruction is possible. The State counters that dismissing the appeal is an appropriate sanction because Serrette's willful decision to remain a fugitive from justice for nearly eleven years has "present[ed] an obstacle to orderly appellate review" as discussed in *Ortega–Rodriguez v. United States*, 507 U.S. 234, 251, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). We agree with the State's position.

Though South Carolina affords criminal defendants the opportunity to appeal, the right to an appeal may be lost through a variety of actions by an appellant, such as: (1) failure to timely serve a notice of appeal under Rule 203, SCACR; (2) failure to serve and file an initial brief and designation of matter under Rule 208(a)(4), SCACR; or (3) failure to serve and file a record on appeal and final brief under Rules 210 and 211, SCACR. *See* Rule 231, SCACR. Furthermore, the burden is on the appellant to provide the appellate court with an adequate record for review. *State v. Williams,* 321 S.C. 455, 464 n. 4, 469 S.E.2d 49, 54 n. 4 (1996).

In *Ortega–Rodriguez v. United States,* 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), the United States Supreme Court found that a rule which *automatically* dismissed the appeal of a one time fugitive was not proper. The Court found that the fact the appellant was a fugitive had to "have an impact on the appellate process sufficient to warrant an appellate sanction." *Id.* at 249, 113 S.Ct. 1199. In addition, the Court noted: "a long escape, even if ended before sentencing and appeal, may so delay the onset of appellate proceedings that the Government would be prejudiced.... We recognize that this problem might, in some instances, make dismissal an appropriate response." *Id.*

Serrette points out that our court has the authority to remand for a reconstruction of the record pursuant to *China v. Parrott,* 251 S.C. 329, 162 S.E.2d 276 (1968); however, such a remedy would undoubtedly be futile considering the passage of over ten years' time between conviction and sentencing.[1] *See State v. Ladson,* 373 S.C. 320, 326, 644 S.E.2d 271, 274 (Ct.App.2007) ("It is simply unrealistic and unreasonable to think that a trial judge and counsel can—under these circumstances [the passage of fourteen months]—reconstruct a proper record that will permit meaningful appellate review, especially in light of our issue preservation rules."). Furthermore, Serrette's own actions are the reason a transcript of the proceedings below is not available; this is not a situation where the court reporter's equipment malfunctioned at trial leading to a loss of the trial transcript. *See Deaton v. Leath,*

---

1. During the ten-year interim between the trial and sentencing, Serrette's trial counsel passed away.

279 S.C. 82, 84, 302 S.E.2d 335, 336 (1983). We can divine no reason why Serrette is entitled to a reconstruction of the record when the destruction of the transcript resulted from his willful decision to remain a fugitive.

Instead, we find Serrette's actions have "the kind of connection to the appellate process that [justifies] an appellate sanction of dismissal." *Ortega–Rodriguez,* 507 U.S. at 251, 113 S.Ct. 1199; *see also State v. Verikokides,* 925 P.2d 1255, 1256 (Utah 1996) (holding that a criminal appeal may be dismissed if "the State can show that it has been prejudiced by the defendant's absence and the consequent lapse of time"); *State v. Goree,* 11 Neb.App. 685, 659 N.W.2d 344, 348–49 (2003) (discussing cases in which appeals were dismissed based on the appellant's fugitive status prior to commencement of the appeal); *State v. Lundahl,* 130 Or.App. 385, 882 P.2d 644 (1994) (upholding the dismissal of defendant's appeal where defendant's seven-year fugitive status significantly interfered with appellate process); *cf. Lamb v. State,* 293 S.C. 174, 359 S.E.2d 282 (1987); *Martin v. State,* 276 S.C. 514, 280 S.E.2d 210 (1981); and *State v. Johnson,* 44 S.C. 556, 21 S.E. 806 (1895) (all dismissing the appeals of escapees who fled during pendency of their appeal). Accordingly, Serrette's appeal is hereby

**DISMISSED.**

HEARN, C.J., KITTREDGE, J., and CURETON, A.J., concur.