669 S.E.2d 595

The STATE, Respondent,

v.

Donnie Raymond NELSON, Appellant.

No. 4423.

Court of Appeals of South Carolina.

Submitted June 2, 2008.

Decided July 8, 2008.

Rehearing Denied Oct. 28, 2008.

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Julie M. Thames, all of Columbia; and Solicitor Robert Mills Ariail, of Greenville, for Respondent.

WILLIAMS, J:

In this criminal case, we affirm the trial court's decision to admit into evidence the statement of Jarvis Clement (Clement).

## FACTS

Donnie Nelson (Nelson), along with two co-defendants,[1] proceeded to trial on charges arising from the robbery of Grady Blassingame's barbershop. Investigator Tammy Patton (Patton) learned Clement was involved in the robbery of another barbershop named the Distinguished Gentlemen. Patton interviewed Clement regarding the robbery of the Distinguished Gentleman. During this interview, Clement revealed the details of the Blassingame robbery.

According to Clement, the following occurred on the day of the Blassingame robbery. Shortly after arriving at Nanu's house, Nanu drove Nelson, Clovis, and Clement to a location across the street from the Blassingame barbershop. Nelson and Clovis exited the vehicle and entered the Blassingame barbershop while Nanu and Clement drove around the block multiple times. After the robbery, the four men returned to Clovis' house.

The State moved to introduce into evidence Clement's written statement obtained by Patton. Nelson, along with the other co-defendants, objected. The trial court allowed the statement into evidence. Nelson was found guilty of one count of armed robbery, two counts of possession of a weapon during the commission of a violent crime, and one count of conspiracy to commit armed robbery. Nelson was sentenced to seventeen years imprisonment for the armed robbery charge, five years imprisonment for the weapon charges, and five years imprisonment for the conspiracy charge, all sentences to run concurrently. This appeal follows.

## STANDARD OF REVIEW

In criminal cases, this Court reviews errors of law only. *State v. Wilson*, 345 S.C. 1, 5–6, 545 S.E.2d 827, 829

---

1. The names of the co-defendants are Lawrence Waller, also known as Nanu (Nanu), and Lawrence Clovis (Clovis).

(2001). An appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.* The admission of evidence is within the sound discretion of the trial court. *State v. Pittman,* 373 S.C. 527, 577, 647 S.E.2d 144, 170 (2007). To constitute an abuse of discretion, the conclusions of the trial court must lack evidentiary support or be controlled by an error of law. *Id.*

## LAW/ANALYSIS

Nelson argues the trial court erroneously relied on Rule 801(d)(1)(B), SCRE, in admitting Clements written statement.[2] We disagree.

Pursuant to Rule 801(d)(1)(B), SCRE, a statement is not hearsay if

[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarants testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive; provided, however, the statement must have been made before the alleged fabrication, or before the alleged improper influence or motive arose....

The South Carolina Supreme Court has explained the following elements must be satisfied before a prior consistent statement can be admitted into evidence based upon Rule 801(d)(1)(B):

(1) the declarant must testify and be subject to cross-examination, (2) the opposing party must have explicitly or implicitly accused the declarant of recently fabricating the statement or of acting under an improper influence or motive, (3) the statement must be consistent with the declarant's testimony, and (4) the statement must have been

---

**2.** The State argues this issue is not preserved for review. We disagree. An objection was raised regarding the admissibility of Clement's written statement, and the trial court allowed the statement into evidence based on Rule 801(d), SCRE. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding for an issue to be preserved for appeal it must have been raised to and ruled upon by the trial court).

made prior to the alleged fabrication, or prior to the existence of the alleged improper influence or motive.

*State v. Saltz,* 346 S.C. 114, 121–22, 551 S.E.2d 240, 244 (2001).

■ Before we address these elements, we must first determine whether Clement is the declarant. We find Clement is the declarant because he made oral statements intended to be assertions. Rule 801(a), (b), SCRE (explaining that a statement is an oral or written assertion intended to be an assertion and an individual who makes a statement is a declarant). With this is mind, we now turn our attention to the elements set out in *Saltz.*

It is undisputed that Clement testified and was subject to cross-examination; thus, the first *Saltz* element is satisfied. With respect to the second element, opposing counsel implicitly accused Clement of acting under an improper motive or influence by accusing Clement of lying in order to gain favorable sentencing. Specifically, at the time of his interview, Clement was incarcerated for a forgery charge. As noted above, Clement was involved in the robbery of the Distinguished Gentlemen. Patton became aware of Clement through Clements accomplice in the robbery of the Distinguished Gentlemen. Patton interviewed Clement regarding the Distinguished Gentlemen. During this interview, Clement revealed the details of the Blassingame robbery.

As a result of his involvement in the two robberies, Clement was at minimum facing the following charges: two armed robberies, two kidnappings, conspiracy, and possession of a weapon during the commission of a violent crime. At the time of the trial, Clement had been sentenced on the conspiracy charge and the possession charge, but he was still awaiting sentencing on the remaining charges. Counsel for the defense repeatedly accused Clement of being untruthful in order to gain a more lenient sentence for the remaining charges. Thus, the second *Saltz* element is fulfilled.

The third element requires Clements written statement be consistent with his trial testimony. This element is also met. In his written statement, Clement stated on the day of the Blassingame robbery he went to Nanu's house and saw Nelson there. Clement also stated Nanu drove the four-member party to a location across the street from the Blassingame

barbershop, Nelson and Clovis were dropped off and entered the barbershop, and Nanu drove repeatedly around the block until Nelson and Clovis exited the barbershop and entered Nanu's car at the location where they originally exited the vehicle. Clement repeated this account during his testimony.

Although it is true during trial Clement did not remember a few of the statements he made to Patton, we recognize two years passed between Clement's statement to Patton and the trial. The trial occurred on January 18, 2006, and Clement gave his statement to Patton on January 3, 2004. We acknowledge it could be difficult for Clement to recollect every detail due to this two year time interval. Additionally, viewing Clement's statement and his testimony as a whole, we conclude his statement is consistent with his testimony.

The final element that must be met is the statement must have been made prior to the alleged fabrication or prior to the existence of the alleged improper influence or motive. *Saltz,* 346 S.C. at 121–22, 551 S.E.2d at 244. Nelson argues the statement to Patton was made after the existence of a motive to fabricate, namely in the hopes of receiving a lenient sentence. We disagree.

Even if we were to assume, without deciding, that Clement had an improper motive for fabricating the truth, this motive did not arise until after the statement was made. As explained above, at the time of his interview, Clement was incarcerated for a forgery charge. Clement volunteered the information concerning the robberies of the Distinguished Gentleman and the Blassingame barbershop during an interview with Patton. The record is devoid of any evidence that Patton made any offers of leniency in order to induce Clement to make the statement. *State v. Serrette,* 375 S.C. 650, 652, 654 S.E.2d 554, 555 (Ct.App.2007) (stating the burden is on the appellant to provide an appellate court with an adequate record for review); *see* Rule 210(h), SCACR (stating an appellate court need not consider any fact which does not appear in the record). Therefore, the final *Saltz* element is met, and the trial court properly admitted the evidence based on Rule 801(d)(1)(B).

## CONCLUSION

Accordingly, the trial court's decision is **AFFIRMED.**[3]

THOMAS and PIEPER, JJ., concur.

---

**3.** We decide this case without oral arguments pursuant to Rule 215, SCACR.