THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Robert Paul
 Jennings, Appellant
 v.
 Little Italy Pizzeria, Respondent.
 
 
 

Appeal from McCormick County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2009-UP-110
 Submitted March 2, 2009  Filed March 3,
2009   

AFFIRMED IN PART, REVERSED IN PART

 
 
 
 John Erick Sward, of McCormick, for Appellant.
 W. Greg Seigler, of McCormick, for Respondent.
 
 
 

PER
 CURIAM:  Robert Paul Jennings brought this action against
 Little Italy Pizzeria in magistrate court alleging perjury and harassment.  In
 its answer and counterclaim, Little Italy moved to dismiss Jennings's complaint
 pursuant to Rule 12(b)(6), moved for summary judgment, and requested attorney's
 fees.  The magistrate court granted summary judgment, awarded Little Italy
 attorney's fees, and imposed a restraining order.  The circuit court affirmed. 
 This appeal followed.  We affirm the entry of summary judgment and the issuance
 of the restraining order, but reverse the award of attorney's fees pursuant to
 Rule 220(b), SCACR, and the following authorities. [1]
1. As to the entry of summary judgment: S.C. Code Ann. § 16-9-10 (Supp. 2008) (providing that
 perjury is a criminal offense); Rule 56(c), SCRCP (stating summary judgment is appropriate when "the pleadings,
 depositions, answers to interrogatories, and admissions on file, together with
 the affidavits, if any, show that there is no genuine issue as to any material
 fact and that the moving party is entitled to a judgment as a matter of law"); Willis v. Wu, 362 S.C. 146, 151, 607 S.E.2d 63, 65 (2004) ("On appeal
 from an order granting summary judgment,
 the appellate court will review all ambiguities, conclusions, and inferences
 arising in and from the evidence in a light most favorable to the appellant,
 the non-moving party below."); State v. Serrette, 375 S.C. 650,
 652, 654 S.E.2d 554, 555 (Ct. App. 2007) (stating the burden
 is on the appellant to provide an appellate court with an adequate record for review). 
2. As
 to the issuance of the restraining order: Patterson v. Reid, 318 S.C.
 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.").  
3. As
 to the award of attorney's fees: Blumberg v. Nealco, Inc., 310 S.C. 492,
 493, 427 S.E.2d 659, 660 (1993) (stating attorney's fees
 are generally not recoverable unless authorized by contract or statute); Harris-Jenkins v. Nissan Car Mart, Inc.,
 348 S.C. 171, 176, 557 S.E.2d 708, 710 (Ct. App. 2001) (citing Jackson v.
 Speed, 326 S.C. 289, 486 S.E.2d 750 (1997)) ("In South Carolina, the
 authority to award attorney's fees
 can come only from a statute or be provided for in the
 language of a contract. There is no common law right to recover attorney's
 fees.").  
AFFIRMED
 IN PART AND REVERSED IN PART. 
HUFF, WILLIAMS,
 and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.