THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 Tremayne R. Washington, Appellant.
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2010-UP-162
 Submitted February 1, 2010  Filed
February 24, 2010    

AFFIRMED

 
 
 
 William L. Runyon, of Charleston, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald
 J. Zelenka, Senior Assistant Attorney General Walter Edgar Salter, III, all of
 Columbia; and Solicitor Scarlett Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Tremayne R. Washington was convicted of murder and was
 sentenced to thirty years imprisonment.  He appeals asserting the trial court
 erred in failing to:  (1) grant a mistrial, (2) direct a verdict in his favor,
 and (3) "require the State to elect a theory of the case based on the
 indictments."  Washington also asserts error in the trial court's jury
 charge on "the hand of one is the hand of all" and its charge concerning
 malice.  We affirm pursuant
 to Rule 220(b), SCACR, and
 the following authorities:  State v.
 Council, 335 S.C. 1, 12-13, 515
 S.E.2d 508, 514 (1999) (holding the decision to grant or deny a mistrial is
 within the sound discretion of the trial judge, whose ruling will not be
 overturned on appeal absent an abuse of discretion; a mistrial should not be
 granted unless absolutely necessary); State v. Ward, 374 S.C. 606,
 612-13, 649 S.E.2d 145, 148 (Ct. App. 2007) (holding, in appeal from Washington's
 co-defendant Ward who was tried with Washington, isolated gang references that
 were not completely gratuitous did not warrant a mistrial); State v. Padgett,
 354 S.C. 268, 270-271, 580 S.E.2d 159, 161 (Ct. App. 2003) (on appeal from the
 denial of a directed verdict, an appellate court must view the evidence in the
 light most favorable to the State; if there is any direct evidence or any
 substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused, the appellate court must find the case was properly submitted to
 the jury); Ward, 374 S.C. at 615, 649 S.E.2d at 150 (noting the
 following evidence presented to support the trial court's denial of directed
 verdict:  that Washington and Ward were involved in the fight with Dunmeyer;
 that as Dunmeyer fled, Washington threatened to kill someone that night; and
 that moments after that threat, Ward and Washington got into a truck from which
 gunfire erupted towards the vehicle in which Dunmeyer rode); State v.
 Serrette, 375 S.C. 650, 652, 654 S.E.2d 554, 555 (Ct. App. 2007) (stating
 the burden is on the appellant to provide an appellate court with an adequate
 record for review); Rule 210(h), SCACR (stating an appellate court need not
 consider any fact which does not appear in the record); State v. Brown,
 362 S.C. 258, 261-62, 607 S.E.2d 93, 95 (Ct. App. 2004) (noting the law to be
 charged to the jury is determined by the evidence presented at trial); Ward,
 374 S.C. at 614, 649 S.E.2d at 149 (finding, after considering the evidence of
 Washington and Ward's actions, no error in the trial courts charge to the jury
 that "the hand of one is the hand of all" as the evidence at trial
 supported the theory that Ward and Washington joined together to accomplish an
 illegal purpose, and therefore it was appropriate for the trial court to
 instruct the jury that if it found such a joint endeavor existed, each
 defendant was liable criminally for everything done by his confederate
 incidental to the execution of that endeavor); Wright v. Craft, 372 S.C.
 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) (noting an issue raised on appeal
 but not argued in the brief is deemed abandoned and will not be considered by
 the appellate court); Mulherin-Howell v. Cobb, 362 S.C. 588, 600, 608
 S.E.2d 587, 593-94 (Ct. App. 2005) (noting when an appellant fails to cite any
 supporting authority for his position and fails to provide any argument or makes
 conclusory arguments, the appellant abandons the issue on appeal); First
 Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding
 an issue is abandoned where the appellant fails to provide argument or
 supporting authority); Rule 208(b)(1)(D), SCACR (providing that an appellant's
 brief "shall be divided into as many parts as there are issues to be argued,"
 and "[a]t the head of each part, the particular issue to be addressed
 shall be set forth in distinctive type, followed by discussion and citations of
 authority").[1]
AFFIRMED.
HUFF, THOMAS,
 and KONDUROS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.