**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Breanna Flannery, Appellant.

Appellate Case No. 2016-001977

———————

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-360
Submitted October 1, 2019 – Filed November 6, 2019

———————

**AFFIRMED**

———————

Tim Amey, of N. Charleston, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia, and Solicitor David Michael Pascoe, Jr., of
Orangeburg, all for Respondent.

———————

**PER CURIAM:** Breanna Flannery appeals the circuit court's affirmance of her conviction in magistrate's court for driving under the influence, arguing the circuit court erred in affirming (1) the admission of an unauthenticated video into evidence; (2) the denial of her motion for a directed verdict based on the State's

alleged failure to provide the statutorily mandated in-car video; (3) the magistrate's failure to sequester witnesses; (4) the denial of her motion for a mistrial; (5) the finding of reasonable suspicion to stop Flannery; (6) the admittance of the breathalyzer test results into evidence; (7) the magistrate in working the jury beyond normal hours; (8) the magistrate in requiring defense counsel to redact the State's video in front of the jury; and (9) Flannery's issue alleging the magistrate overtly deferred to the prosecuting police officers throughout the trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the circuit court erred in affirming the admission of the video:[1] *State v. Benton*, 338 S.C. 151, 156–57, 526 S.E.2d 228, 231 (2000) (finding an issue not preserved for appellate review because it had previously been conceded); Rule 901(b)(1), SCRE (stating evidence is properly authenticated when a witness with personal knowledge testifies the evidence is what it is claimed to be); S.C. Code Ann. § 56-5-2953 (2018) (requiring the State to produce a video recording of field sobriety tests); *State v. Branham*, 392 S.C. 225, 232, 708 S.E.2d 806, 810 (Ct. App. 2011) (defining the requirement to produce a video recording as requiring only that a video recording be created).

2.     As to whether the circuit court erred in affirming the magistrate's failure to sequester witnesses: *State v. Caldwell*, 378 S.C. 268, 278, 662 S.E.2d 474, 480 (Ct. App. 2008) ("Whether or not witnesses are sequestered is a matter within the discretion of the trial court."); *State v. Messervy*, 258 S.C. 110, 113, 187 S.E.2d 524, 525 (1972) (upholding the common law practice of allowing arresting officers to act as prosecutors at the summary court level); *State ex rel McLeod v. Seaborn*, 270 S.C. 696, 699, 244 S.E.2d 317, 319 (1978) (permitting an arresting officer or a supervisory officer to act as prosecutor in a case tried before a magistrate).

3.     As to whether the circuit court erred in affirming the denial of Flannery's motion for a mistrial: *State v. McEachern*, 399 S.C. 125, 146–47, 731 S.E.2d 604, 615 (Ct. App. 2012) (explaining the failure to object to a curative instruction renders the issue waived and unpreserved for appellate review); *State v. Taylor*, 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998) ("[T]o reverse a case based on the erroneous admission or exclusion of evidence, prejudice must be shown."); *State v. Serrette*, 375 S.C. 650, 652, 654 S.E.2d 554, 555 (Ct. App. 2007) ("[T]he burden is on the appellant to provide the appellate court with an adequate record for review.").

---

[1] We combine Flannery's first and second issues.

4.    As to whether the circuit court erred in affirming the finding of reasonable suspicion for the traffic stop: *State v. Moore*, 415 S.C. 245, 252, 781 S.E.2d 897, 900 (2016) (stating the violation of a motor vehicle law provides reasonable suspicion to initiate a traffic stop); *State v. Provet*, 405 S.C. 101, 107, 747 S.E.2d 453, 456 (2013) ("South Carolina appellate courts review Fourth Amendment determinations under a clear error standard."); *State v. Brockman*, 339 S.C. 57, 66, 528 S.E.2d 661, 666 (2000) (stating the appellate court will "affirm if there is any evidence to support the [trial court's] ruling").

5.    As to whether the circuit court erred in affirming the admittance of the results of Flannery's breathalyzer test: *State v. Huntley*, 349 S.C. 1, 6, 562 S.E.2d 472, 474 (2002) (explaining evidence of nonconformity with the law governing the breathalyzer testing went to its weight rather than its admissibility); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 237 (Ct. App. 2014) (stating the admission or exclusion of evidence is subject to an abuse of discretion standard of review).

6.    As to whether the circuit court erred in affirming the issue of the jury's extended workday: *State v. Holliday*, 333 S.C. 332, 338, 509 S.E.2d 280, 283 (Ct. App. 1998) (finding an issue is not preserved if appellant fails to make a contemporaneous objection); *Serrette*, 375 S.C. at 652, 654 S.E.2d at 555 ("[T]he burden is on the appellant to provide the appellate court with an adequate record for review.").

7.    As to whether the circuit court erred in affirming the magistrate in requiring defense counsel to redact the State's video in the presence of the jury: *State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 912 (1996) (finding an issue was not preserved for appellate review because the objecting party accepted the court's ruling and did not contemporaneously make an additional objection); *Serrette*, 375 S.C. at 652, 654 S.E.2d at 555  ("[T]he burden is on the appellant to provide the appellate court with an adequate record for review.").

8.    As to whether the circuit court erred in affirming Flannery's issue alleging the magistrate overtly deferred to the prosecuting police officers throughout the trial: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[2]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.